FILED

# In the ~~United States~~ District Court
# For the ~~Northern~~ District of Alabama

FORM FOR USE IN APPLICATION FOR
HABEAS CORPUS UNDER 28 U.S.C. § 2254

CIVIL ACTION NUMBER:

(To be su      CV-08-RRA-0838-M      ct Court)

**JOHN HENRY HUNTER**
Full Name of Plaintiff-Petitioner

**G.K. FOUNTAIN CORRECTIONAL FACILITY**
Place of Confinement

VS.

**JERRY FERRELL**
(Name of Warden, Superintendent, Jailer, or authorized person having custody of petitioner)

and

THE ATTORNEY GENERAL OF THE STATE OF ALABAMA,
                                              Respondents

(If petitioner is attacking a judgment which imposed a sentence to be served in the future, petitioner must fill in the name of the state where the judgment was entered. If petitioner has a sentence to be served in the future under a federal judgment which he wishes to attack, he should file a motion under 28 USC § 2255, in the federal court which entered the judgment.)

PETITION FOR WRIT OF HABEAS CORPUS BY A
PERSON IN STATE CUSTODY

INSTRUCTIONS -- READ CAREFULLY

(1) This petition must be legibly handwritten or typewritten and signed by the petitioner under penalty of perjury. Any false statement of a material fact may serve as the basis for prosecution and conviction for perjury. All questions must be answered concisely in the proper space on the form.

(2) Do not use this form unless you were convicted in one of the following counties: BIBB, BLOUNT, CALHOUN, CHEROKEE, CLAY, CLEBURN, COLBERT, CULLMAN, DeKALB, ETOWAH, FAYETTE, FRANKLIN, GREENE, JACKSON, JEFFERSON, LAMAR, LAUDERDALE, LAWRENCE, LIMESTONE, MADISON, MARION, MARSHALL, MORGAN, PICKENS, SHELBY, ST. CLAIR, SUMTER, TALLADEGA, TUSCALOOSA, WALKER, WINSTON.

(3) Upon receipt of a fee of $5 your petition will be filed if it is in proper order.

(4) If you do not have the necessary filing fee, you may request permission to proceed *in forma pauperis*, in which event you must execute the declaration on the last page, setting forth information establishing your inability to prepay the fees and costs or give security therefor.

(5) Only judgments entered by one court may be challenged in a single petition. If you seek to challenge judgments entered by different courts either in the same state or in different states, you must file separate petitions as to each court.

(6) Your attention is directed to the fact that you must include all grounds for relief and all facts supporting such grounds for relief in the petition you file seeking relief from any judgment of conviction.

(7) When the petition is fully completed, *the original and two copies* must be mailed to the Clerk of the United States District Court for the Northern District of Alabama, 104 Federal Courthouse, 1800 Fifth Avenue, North, Birmingham, Alabama 35203.

(8) Petitions which do not conform to these instructions will be returned with a notation as to the deficiency.

PETITION

1. Name and location of court which entered the judgment of conviction under attack  **ETOWAH COUNTY CIRCUIT COURT**

2. Date of judgment of conviction  **JANUARY 28, 1999**

3. Length of sentence  **(40) YEARS**

4. Nature of offense involved (all counts)  **MURDER**

5. What was your plea? (Check one)
   (a) Not guilty ( )
   (b) Guilty (**XX**)
   (c) Nolo contendere ( )
   If you entered a guilty plea to one count or indictment, and a not guilty plea to another count or indictment, give details: _____

6. Kind of trial: (Check one)
   (a) Jury ( )
   (b) Judge only (**XX**)

7. Did you testify at the trial?
   Yes ( )    No ( )

-2-

8. Did you appeal from the judgment of conviction?
   Yes ( )    No (**XX**)

9. If you did appeal, answer the following:
   (a) Name of court _____
   (b) Result _____
   (c) Date of result _____

10. Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications, or motions with respect to this judgment in any court, state or federal?
    Yes (**XX**)    No ( )

11. If your answer to 10 was "yes," give the following information:
    (a)(1) Name of court __**ETOWAH COUNTY CIRCUIT COURT**__
       (2) Nature of proceeding __**POST CONVICTION RULE 32**__

       (3) Grounds raised __**plea of guilt not voluntarily made or unlawfully induced; lack of jurisdiction**__

       (4) Did you receive an evidentiary hearing on your petition, application or motion?
           Yes ( )    No (**XX**)
       (5) Result _____
       (6) Date of result _____
    (b) As to any second petition, application or motion give the same information:
       (1) Name of court __**ETOWAH COUNTY CIRCUIT COURT**__
       (2) Nature of proceeding __**POST CONVICTION RULE 32**__

       (3) Grounds raised __**LACK OF JURISDICTION, YOUTHFUL OFFENDER STATUS DENIED, NO COLLOQUY BETWEEN THE DEFENDANT AND THE COURT.**__

       (4) Did you receive an evidentiary hearing on your petition, application or motion?
           Yes ( )    No (**XX**)
       (5) Result _____
       (6) Date of result _____
    (c) As to any third petition, application or motion, give the same information:
       (1) Name of court __**ETOWAH COUNTY CIRCUIT COURT**__
       (2) Nature of proceeding __**POST CONVICTION RULE 32**__

       (3) Grounds raised __**THE TRIAL COURT FAILED TO CONDUCT AN INDEPENDENT COMPETENCY HEARING TO DETERMINE IF IMFACT DEFENDANT WAS COMPETENT TO STAND TRIAL.**__

       (4) Did you receive an evidentiary hearing on your petition, application or motion?
           Yes ( )    No (**XX**)

```
        (5)   Result _____
        (6)   Date of result _____
   (d)  Did you appeal to the highest state court having jurisdiction the
        result of action taken on any petition, application or motion?
        (1)   First petition, etc        Yes (XX )   No (  )
        (2)   Second petition, etc       Yes (XX )   No (  )
        (3)   Third petition, etc        Yes (XX )   No (  )
   (e)  If you did not appeal from the adverse action on any petition,
        application or motion, explain briefly why you did not: _____
        _____
        _____
        _____
```

12. State *concisely* every ground on which you claim that you are being held unlawfully. Summarize *briefly* the facts supporting each ground. If necessary, you may attach pages stating additional grounds and facts supporting same.
    Caution: In order to proceed in the federal court, you must ordinarily first exhaust your state court remedies as to each ground on which you request action by the federal court. If you fail to set forth all grounds in this petition, you may be barred from presenting additional grounds at a later date.
    For your information, the following is a list of the most frequently raised grounds for relief in habeas corpus proceedings. Each statement preceded by a letter constitutes a separate ground for possible relief. You may raise any grounds which you may have other than those listed if you have exhausted your state court remedies with respect to them. However, *you should raise in this petition all available grounds* (relating to this conviction) on which you base your allegations that you are being held in custody unlawfully.
    Do not check any of these listed grounds. If you select one or more of these grounds for relief you must allege facts. The petition will be returned to you if you merely check (a) through (j) or any one of these grounds.
    - (a) Conviction obtained by plea of guilty which was unlawfully induced or not made voluntarily with understanding of the nature of the charge and the consequences of the plea.
    - (b) Conviction obtained by use of coerced confession.
    - (c) Conviction obtained by use of evidence gained pursuant to an unconstitutional search and seizure.
    - (d) Conviction obtained by use of evidence obtained pursuant to an unlawful arrest.
    - (e) Conviction obtained by a violation of the privilege against self-incrimination.
    - (f) Conviction obtained by the unconstitutional failure of the prosecution to disclose to the defendant evidence favorable to the defendant.
    - (g) Conviction obtained by a violation of the protection against double jeopardy.
    - (h) Conviction obtained by action of a grand jury or petit jury which was unconstitutionally selected and impaneled.
    - (i) Denial of effective assistance of counsel.
    - (j) Denial of right of appeal.

A.  Ground one: **SEE ATTACHED BRIEF**

Supporting FACTS (tell your story *briefly* without citing cases or law):

_____
_____
_____
_____
_____
_____

B.  Ground two: _____

Supporting FACTS (tell your story *briefly* without citing cases or law):

_____
_____
_____
_____
_____
_____

C.  Ground three: _____

Supporting FACTS (tell your story *briefly* without citing cases or law):

_____
_____
_____
_____
_____
_____

D.  Ground four: _____

Supporting FACTS (tell your story *briefly* without citing cases or law):

_____
_____
_____
_____
_____
_____

13. If any of the grounds listed in 12A, B, C, and D were not previously presented in any other court, state or federal, state *briefly* what grounds were not so presented, and give your reasons for not presenting them: _____
_____
_____

14. Do you have any petition or appeal now pending in any court, either state or federal, as to the judgment under attack?
Yes ( )  No (**XX**)

15. Give the name and address, if known, of each attorney who represented you in the following stages of the judgment attacked herein:
    (a) At preliminary hearing _____
    _____

(b) At arraignment and plea   **AMOS L. KIRKPATRICK**

(c) At trial _____

(d) At sentencing   **SAME AS ABOVE**

(e) On appeal _____

(f) In any post-conviction proceeding   **PRO/SE PRISON ASSISTANT**

(g) On appeal from any adverse ruling in a post-conviction proceeding _____

16. Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at the same time?
    Yes ( ) No (XX)

17. Do you have any future sentence to serve after you complete the sentence imposed by the judgment under attack?
    Yes ( ) No (XX)
    (a) If so, give name and location of court which imposed sentence to be served in the future: _____
    (b) And give date and length of sentence to be served in the future: _____
    (c) Have you filed, or do you contemplate filing, any petition attacking the judgment which imposed the sentence to be served in the future?
        Yes ( ) No (XX)

Wherefore, petitioner prays that the Court grant petitioner relief to which he may be entitled in this proceeding.

_____
Signature of Attorney (if any)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct. Executed on   **5-9-08**
                                      (Date)

*[signature]*
Signature of Petitioner

IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ALABAMA
NORTHERN DIVISION

JOHN HENRY HUNTER, Jr.,
PETITONER,

VS.

JERRY FERRELL, et al,
RESPONDENTS.

## PETITION FOR WRIT OF HABEAS CORPUS

Comes now your Petitioner, John H. Hunter, Jr., Pro Se, in the above styled cause, pursuant to 28 USCS Section 2254 et seq, hereby moving this Honorable Court for just relief under Article III of the Federal Constitution, or as justice deems necessary premised on the following:

## STATEMENT OF THE FACTS AND CASE

Petitioner file on September 6th, 2006 in the circuit court of Etowah County, Alabama his third rule 32 petition challenging the trial court's failure to conduct an independent competency hearing to determine whether Petitioner was competent to stand trial or plead guilty to the offenses charged by indictment. Therein, and on appeal to the Alabama Court of Criminal Appeals the following facts was asserted by the Petitioner:

Etowah County grand Jury indicted Petitioner in its Spring Term of 1996, for the crime of murder. Petitioner initially pled not guilty and thereafter under new assistance of counsel, namely, Mr. Amos Kirkpatrick, Petitioner reentered his plea as, not guilty by reason of mental defect. The case action summary sheet shows that the original plea was filed on March 6th, 1996. Defense attorney filed by motion for a court ordered mental evaluation on August 30th, 1996. The trial court ordered on October 25th, 1996, that all pending motion be set for oral argument on November 27th, 1996. This hearing never accrued. Without inserted in the case action summary sheet, said motion must have been denied because on February 12th, 1997, defense counsel filed for a reconsideration of the request for a mental evaluation. On March 11th, 1997, the trial court granted the reconsideration and ordered on March 14th, 1997 the Petitioner for outpatient evaluation of his competency "and" mental state at the time of the offense. On April 15th, 1997, the court received a letter from Dr. Lawrence Maier, and on May 2nd, 1997, the outpatient forensic evaluation report from Dr. Maier was

filed with the court. The evaluation is attached hereto as Petitioner's exhibit A. The trial court never conducted an independent hearing to determine Petitioner's competency to stand trial or to plea guilty.

On June 8th, 2007, the state filed its response to Petitioner rule 32 petition, alleging therein, that Petitioner's claim was both precluded and without merit, on June 29th, 2007 the trial court summarily dismissed the petition. On appeal, Petitioner reasserted the claim he presented to the trial court and also argued the trial court erred to grant an evidentiary hearing.

The Court of Criminal Appeals held in pertinent part: " Hunter argues that the trial court was without jurisdiction to render judgment or to impose his sentence because, he said, he was not mentally competent at the time he pleaded guilty. Contrary to the state's assertion in its motion to dismiss the petition, Hunter's assertions regarding his mental competency is a substantive due-process claim that is not subject to the procedural bars set out in rule 32, Ala. R. Crim. P. See Nicks V. State, 783 So. 2d 895, 908 (Ala. Crim. App. 1999), cert. quashed, 783 So. 2d 926 (Ala. 2000). Moreover, our review of Hunter's prior rule 32 petitions do not reveal that he challenged his competency in his earlier petitions as is indicated by the State's motion to dismiss. "[W]hen a trial court is faced with facts that create a reasonable and bona fide doubt as to the mental competency of the defendant to stand trial, the trial court must take steps to assure that a reasonable legal determination of competency is reached." Ex Parte Janezic, 723 So. 2d 725, 728 (Ala. 1997) (citations omitted). The record does reflect that the trial court ordered an outpatient evaluation to determine Hunter's competency to stand trial and mental state at the time of the offense. Hunter was evaluated by a clinical psychologist. It was this expert's opinion that Hunter was competent to stand trial. (Footnote omitted) "Neither low intelligence, mental deficiency, nor bizarre, volatile, and irrational behavior can be equated with mental incompetence to stand trial." Medina v. Singletary, 59 F. 3d 1095, 1107 (11th Cir. 1995). "Proof of the in competency of an accused to stand trial involves more than simply showing that the accused has mental problems or psychological difficulties."" Bailey v. State, 421 So. 2d 1364, 1366 (Ala. Crim. App. 1982). Contrary to Hunter's assertions, he was competent to stand trial. As a result, this claim is without merit. See Petitioner's attached exhibit B.

On December 14th, 2007, the Court of Criminal Appeals affirmed by unpublished memorandum. Thereafter, Petitioner's application for rehearing was overruled, and on 2-4-08 , Petitioner's petition for writ of certiorari was not denied.

2

## OVERLOOKED LAW AND FACTS

As a matter of substantive law in both state and federal courts, when an allegation is asserted by defense counsel that the defendant is mentally incompetent to stand trial it becomes an imperative duty of the judge to ensure that the defendant is evaluated and that an independent hearing thereafter is conducted to determine whether the defendant is competent to stand trial. This determination cannot be made by the judge only, "it's the states duty to refute the defense, not the judge's."

The state in the Petitioner's case was never required to refute the defense. Therefore, despite the state court's findings, Petitioner's claim is undisputed and must be taken as true.

## APPLICATION OF THE AEDPA

**2244. Finality of determination**

(a) No circuit or district judge shall be required to entertain an application for a writ of habeas corpus to inquire into the detention of a person pursuant to a judgment of a court of the United States if it appears that the legality of such detention has been determined by a judge or court of the United States on a prior application for a writ of habeas corpus, except as provided in section 2255 [28 USCS 2255].

(b) (1) A claim presented in a second or successive habeas corpus application under section 2254 [28 USCS 2254] that was presented in a prior application shall be dismissed.
    (2) A claim presented in a second or successive habeas corpus application under section 2254 [28 USCS 2254] that was not presented in a prior application shall be dismissed unless--
        (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
        (B) (i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
            (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.
    (3) (A) Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.
        (B) A motion in the court of appeals for an order authorizing the district court to consider a second or successive application shall be determined by a three-judge panel of the court of appeals.
        (C) The court of appeals may authorize the filing of a second or successive application only if it determines that the application makes a prima facie showing that the application satisfies the requirements of this subsection.
        (D) The court of appeals shall grant or deny the authorization to file a second or successive application not later than 30 days after the filing of the motion.

(E) The grant or denial of an authorization by a court of appeals to file a second or successive application shall not be appealable and shall not be the subject of a petition for rehearing or for a writ of certiorari.
(4) A district court shall dismiss any claim presented in a second or successive application that the court of appeals has authorized to be filed unless the applicant shows that the claim satisfies the requirements of this section.

(c) In a habeas corpus proceeding brought in behalf of a person in custody pursuant to the judgment of a State court, a prior judgment of the Supreme Court of the United States on an appeal or review by a writ of certiorari at the instance of the prisoner of the decision of such State court, shall be conclusive as to all issues of fact or law with respect to an asserted denial of a Federal right which constitutes ground for discharge in a habeas corpus proceeding, actually adjudicated by the Supreme Court therein, unless the applicant for the writ of habeas corpus shall plead and the court shall find the existence of a material and controlling fact which did not appear in the record of the proceeding in the Supreme Court and the court shall further find that the applicant for the writ of habeas corpus could not have caused such fact to appear in such record by the exercise of reasonable diligence.

(d) (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
 (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
 (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
 (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
 (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Petitioner concedes that his case must be reviewed under the AEDPA. However, the limitation prior is inapplicable because the claim asserted below is one that challenges the state court's jurisdiction before tying the case, therefore, this claim warrants further review without the AEDPA interfering with the merit. As a matter of Constitutional Law, Article IV, Section 1, of the Federal Constitution it requires this habeas court to give full faith and credit to state law in adjudicating Petitioner's claim concerning his in competency. In Alabama the law is well established that when a petitioner challenges the trial court's failure to hold a competency hearing the claim is one attesting the jurisdiction of the court. Therefore, for purpose of negating the AEDPA, Petitioner asserts the following points of state law: A petitioner may make a substantive competency claim by alleging that he was, in fact, tried and convicted while mentally incompetent. In contrast to a

procedural competency claim, however, 'a petitioner raising a substantive claim of incompetency is entitled to no presumption of incompetency and must demonstrate his or her incompetency by a preponderance of the evidence.' A petitioner who presents 'clear and convincing evidence' creating a 'real, substantial and legitimate doubt' as to his competence to stand trial is entitled to a hearing on his substantive incompetency claim." Committee Comments on Rule 11.1, quoting T. Grisso, Evaluating Competencies.

"'" Ala. Code 1975, 15-16-21, provides in pertinent part:

"'"'If any person charged with any felony is held in confinement under indictment and the trial court shall have reasonable ground to doubt his sanity, the trial of such person for such offense shall be suspended until the jury shall inquire into the fact of such sanity....'

"'"'This section authorizes the trial court to make a preliminary determination (without the aid of a jury) as to whether there are reasonable grounds to doubt the defendant's competency to stand trial. Ex parte LaFlore, 445 So. 2d 932, 934 (Ala. 1983); Richardson v. State, 354 So. 2d 1193, 1196 (Ala.Cr.App. 1978). The trial court is, thus, the 'screening agent' for mental examination requests. Livingston v. State, 419 So. 2d 270, 274 (Ala.Cr.App. 1982). " '" Reese v. State, 549 So. 2d 148, 150 (Ala.Cr.App. 1989), overruled on other grounds, Huntley v. State, 627 So. 2d 1013 (Ala. 1992). ... "Rule 11.1, Ala. R. Crim. P., states:

"'"A defendant is mentally incompetent to stand trial or to be sentenced for an offense if that defendant lacks sufficient present ability to assist in his or her defense by consulting with counsel with a reasonable degree of rational understanding of the facts and the legal proceedings against the defendant."

"'The trial court makes the ultimate determination of a defendant's competency pursuant to the following standard:

"'"The test for determining competency to stand trial is whether the defendant 'has sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding--and whether he has a rational as well as factual understanding of the proceedings against him.' Dusky v. United States, 362 U.S. 402, 80 S. Ct. 788, 4 L. Ed. 2d 824 (1960); Drope v. Missouri, 420 U.S. 162, 95 S. Ct. 896, 43 L. Ed. 2d 103 (1975). " '" Anderson v. State, 510 So. 2d 578, 579 (Ala.Cr.App. 1987). This determination [of competency to stand trial] should be left to the discretion of the trial court.' Baker v. City of Huntsville, 516 So. 2d 927, 931 (Ala. Cr. App. 1987). ' " Russell v. State, 715 So. 2d 866, 868-69 (Ala.Cr.App. 1997). (Emphasis added.)" Frazier v. State, [Ms. CR-95-2222, January

5

15, 1999] So. 2d , , 1999 Ala. Crim. App. LEXIS 2 (Ala.Cr.App. 1999). Factors for the trial court to consider in determining whether a defendant is competent to stand trial include:

1. Any evidence of irrational behavior by the defendant;

2. The defendant's demeanor at trial; and

3. Any prior expert opinion on his competency to stand trial.

Ex parte Gordon, 556 So. 2d 363 (Ala. 1988). See Fallada v. Dugger, 819 F.2d 1564 (11th Cir. 1987); and Thomas v. Kemp, 796 F.2d 1322 (11th Cir.), cert. denied, 479 U.S. 996, 107 S. Ct. 602, 93 L. Ed. 2d 601 (1986). See also Nicks v. State, 783 So. 2d 895 (Ala. Crim. App. 1999); Ex Parte Janezic, 723 So. 2d 725 (Ala. 1997); Blankenship v. State, 770 So. 2d 642 (Ala. Crim. App. 1999); and Glass v. State, 912 So. 2d 285 (Ala. Crim. App. 2004).

Petitioner asserts this claim is not barred from habeas review as untimely under section 2244 (d) (1) or (2). Thus, as the claim being one that questions the trial courts jurisdiction to try the case, the requirements as to full faith and credit require the habeas court to apply state to determine the limitations period.

## ISSUE FOR REVIEW UNDER 28 USCS 2254

### I

PETITIONER ARGUES THERE EXIST A REASONABLE AND BONA FIDE DOUBT AS TO HIS COMPETENT TO PLED GUILTY IN STATE COURT AND THE TRIAL COURT ERRED IN NOT HOLDING A HEARING TO MAKE A DETERMINATION OF HIS COMPETENCY THUS IN VIOLATION OF PETITIONER'S DUE PROCESS RIGHTS UNDER THE FEDERAL CONSTITUTION; THE STATE COURTS UNREASONABLE DECISSION IS DUE REVIEW.

Petitioner argues that the state courts reached an unreasonable application of federal law resulting in a contrary decision of federal law. At the trial court Petitioner presented his claim

pursuant to Rule 32, Alabama Rules of Criminal Procedures and argued that the trial court was without jurisdiction to impose judgment and sentence because prior to the plea agreement there never was a competency hearing to determine whether Petitioner was competent. Its federal law that sets out, first whether Petitioner is entitled to state funds for a scientific evaluation as follows:

" The United States Supreme Court, in *Ake v. Oklahoma*, 470 U.S. 68, 83, 105 S. Ct. 1087, 84 L. Ed. 2d 53 (1985), held that, when an indigent defendant makes a preliminary showing that his mental condition at the time of the offense is likely to be a significant factor at trial, due process requires that, at a minimum, a state provide access to a competent psychiatrist who will evaluate the defendant "and assist in evaluation, preparation, and presentation of the defense" at the guilt phase and at sentencing. The Court began its analysis by stating, "This Court has long recognized that when a State brings its judicial power to bear on an indigent defendant in a criminal proceeding, it must take steps to assure that the defendant has a fair opportunity to present his defense." 470 U.S. at 76 . "[A] criminal trial is fundamentally unfair if the State proceeds against an indigent defendant without making certain that he has access to the raw materials integral to the building of an effective defense." 470 U.S. at 77.

The Court stated that three factors are relevant to determining "whether, and under what conditions, the participation of a psychiatrist is important enough to preparation of a defense to require the State to provide an indigent defendant with access to competent psychiatric assistance in preparing the defense." *Id*. The three factors are the private interest affected by the State's action, the governmental interest that would be affected if the expert were provided, and the probable value of the psychiatric assistance versus the risk of error in the proceeding if the assistance is denied. The Court observed as to the first factor, "The private interest in the accuracy of a criminal proceeding that places an individual's life or liberty at risk is almost uniquely compelling." 407 U.S. at 78. The Court stated that the individual's interest in the State's attempt to convict him weighed heavily in the analysis. As to the second factor, the Court could identify only the State's financial interest weighing against the provision of a psychiatrist, and it found that interest to be insubstantial. The Court found that the State could "not legitimately assert an interest in the maintenance of a strategic advantage over the defense, if the result of that advantage is to cast a pall on the accuracy of the verdict obtained." 470 U.S. at 79 . As to the third factor, the Court noted, initially, that psychiatric assistance had come to play a pivotal role in criminal proceedings. It noted that a majority of states and the federal government had decided that, in certain circumstances, an indigent defendant was entitled to psychiatric assistance to secure an adequate defense. The Court recognized the extensive tasks that psychiatrists had come to complete at criminal trials:

"When the State has made the defendant's mental condition relevant to his criminal culpability and to the punishment he might suffer, the assistance of a psychiatrist may well be crucial to the defendant's ability to marshal his defense. In this role, psychiatrists gather facts, through professional examination, interviews, and elsewhere, that they will share with the judge or jury; they analyze the information gathered and from it draw plausible conclusions about the defendant's mental condition, and about the effects of any disorder on behavior; and they offer opinions about how the defendant's mental condition might have affected his behavior at the time in question. They know the probative questions to ask of the opposing party's psychiatrists and how to interpret their answers. Unlike lay witnesses, who can merely describe symptoms they believe might be relevant to the defendant's mental state, psychiatrists can identify the 'elusive and often deceptive' symptoms of insanity, *Solesbee v. Balkcom*, 339 U.S. 9, 12, 70 S. Ct. 457, 94 L. Ed. 604 (1950), and tell the jury why their observations are relevant. Further, where permitted by evidentiary rules, psychiatrists can translate a medical diagnosis into language that will assist the trier of fact, and therefore offer evidence in a form that has meaning for the task at hand. Through this process of investigation, interpretation, and testimony, psychiatrists ideally assist lay jurors, who generally have no training in psychiatric matters, to make a sensible and educated determination about the mental condition of the defendant at the time of the offense."

470 U.S. at 80-81.

7

Additionally, the Court noted:

> "By organizing a defendant's mental history, examination results and behavior, and other information, interpreting it in light of their expertise, and then laying out their investigative and analytic process to the jury, the psychiatrists for each party enable the jury to make its most accurate determination of the truth on the issue before them. It is for this reason that States rely on psychiatrists as examiners, consultants, and witnesses, and that private individuals do as well, when they can afford to do so. In so saying, we neither approve nor disapprove the widespread reliance on psychiatrists but instead recognize the unfairness of a contrary holding in light of evolving practice."

470 U.S. at 81-82 (footnote omitted).

Following its discussion of the pivotal role played by psychiatrists at criminal trials, quoted above, the Court stated:

> "*The foregoing leads inexorably to the conclusion that, without the assistance of a psychiatrist* to conduct a professional examination on issues relevant to the defense, to help determine whether the insanity defense is viable, to present testimony, and to assist in preparing the cross-examination of a State's psychiatric witnesses, *the risk of an inaccurate resolution of sanity issues is extremely high*. With such assistance, the defendant is fairly able to present at least enough information to the jury, in a meaningful manner, as to permit it to make a sensible determination."

470 U.S. at 82 (emphasis added). Noting that the risk of error from the denial of psychiatric assistance was highest when the defendant's mental condition was seriously in question, the Court recognized that "a defense may be devastated by the absence of a psychiatric examination and testimony." 470 U.S. at 83. The Court then detailed the relevant factors in Ake's case, including that Ake's sole defense had been insanity, that he had been found incompetent to stand trial and had been committed for treatment, that psychiatrists who had examined him for competency suggested that Ake's mental illness might have begun years earlier, and that state law recognized an insanity defense and placed the initial burden of producing evidence on the defendant. 470 U.S. at 86. These factors led the Court to conclude that Ake's mental state at the time of the offense was a substantial factor in his defense and, therefore, that the trial court's denial of his request for the assistance of a psychiatrist deprived Ake of due process. The Court also noted that, because psychiatric testimony about Ake's future dangerousness was an issue at sentencing, denying Ake a psychiatrist to assist him with his defense as to that issue also constituted a due-process deprivation."

The trial court ordered an outpatient evaluation of Petitioner and this was done by Dr. Lawrence R. Maier as the attached report reveals. Thus, the trial court did not commit an Ake, supra, error and its not complained that such an error was committed. Petitioner argues that the trial court erred to hold an independent hearing to determine whether Petitioner could adequately assist his attorney in preparing a defense, which must have been done before any further proceedings could occur. In Alabama the procedures for the state court to follow is found in Rule 11.6, Ala. R. Crim. P. that provides:

> "After the examinations have been completed and the reports have been submitted to the court, the judge shall review the reports of the psychologists or psychiatrists and, if reasonable grounds exist to doubt the defendant's mental competency, the judge shall set a hearing not more than forty-two (42) days after the date the judge received the report ...."

Only when the judge finds after a review of the reports 'reasonable grounds exist to doubt the defendant's mental competency' is the judge required to set a competency hearing and that hearing must be held not more than 42 days after the judge receives the report. There is no indication that the trial judge in this case ever found reasonable grounds to doubt the defendant's mental competency. Therefore, the trial judge did not deviate from the procedure outlined in Rule 11.6(a)." The

substantive test in Alabama under Section 15-16-21, Code of Alabama 1975, places the initial burden on the trial court to determine whether there are 'reasonable grounds' to doubt the Petitioner's sanity. The trial court, upon receipt of the evaluation report can not now be said to not further doubt Petitioner's ability to assist his attorney in a defense because the report clearly sets out the fact that such would be difficult in dealing with Petitioner. Therefore, the court of criminal appeals memorandum conflicts with it on opinion in Anderson v. State, 510 So. 2d 578 (Ala. Crim. App. 1987) and the United States Supreme Court's precedent as held in Pate v. Robinson, 383 US 375, 15 L. ED. 2d 815, 86 S. Ct. 836 (1966). The trial court never made a preliminary finding before accepting the guilty pled. Petitioner is currently incompetent and jurist of reason will conclude the trial court committed a fundamental miscarriage of justice when failing to conduct a competency hearing prior to the guilty plea, and erred to order an evidentiary hearing so at the post conviction stage Petitioner could have been afforded an opportunity to fully develop the record, at which time it would have been of constitutional necessity to appoint counsel and thereafter provide the Petitioner a full and fair opportunity to be heard.

    Petitioners avers the habeas court should in the interest of justice grant an evidentiary hearing or in the alternative conduct an independent competency hearing and thereafter, issue the writ conditionally.

    DONE this 9 day of May, 2008.

RESPECTFULLY SUBMITTED,

JOHN HENRY HUNTER
AIS #198425

ATMORE, ALA. 36503

**/S/BRIAN HEATH HARRISON**
LEGAL ASSISTANT/PARALEGAL

## ACKNOWLEDGEMENT

I, JOHN HENRY HUNTER, Jr., do hereby swear under penalty of perjury that all the above is true and correct as represented to me by the Legal Assistant/Paralegal whom first having reviewed my case and prepared this document with my consent.

*[signature]*
John Henry Hunter, Pro Se

*[signature]*
Notary Public:

11/03/09
My Commission expires:

10