FILED

2008 Aug-22  PM 03:07
U.S. DISTRICT COURT
N.D. OF ALABAMA

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## MIDDLE DIVISION

| | |
|---|---|
| JOHN HENRY HUNTER, JR.          ] | |
| ] | |
| Petitioner,          ] | |
| ] | |
| v.          ] | CIVIL ACTION NO. 08-RRA-0838-M |
| ] | |
| WARDEN JERRY FERRELL and          ] | |
| THE ATTORNEY GENERAL FOR THE          ] | |
| STATE OF ALABAMA,          ] | |
| ] | |
| Respondents.          ] | |

## ORDER

The respondents have filed an answer and the state court record underlying the petitioner's conviction, seeking dismissal of this habeas petition. The court deems the case ripe for summary judgment under Rule 8(a) of the *Rules Governing Section 2254 Cases* on the basis of the defenses asserted in the respondents' answer. *See McBride v. Sharpe*, 25 F.3d 962 (11th Cir. 1994). The purpose of this order is to notify the petitioner that the case will be treated by the court as ripe for summary judgment and to further inform the petitioner of his right to file affidavits or other materials to show why the respondents' motion for summary judgment should be denied.

To the extent that the respondents seek summary judgment of the petition on grounds of non-exhaustion of state remedies, procedural default, successiveness, abuse of the writ, or other such procedural grounds, the petitioner may wish to offer affidavits or other evidence establishing facts to rebut those asserted defenses. The petitioner may wish to offer counter-affidavits or other admissible evidence to show that either he has exhausted all state remedies or that such remedies are futile. Similarly, the petitioner may wish to offer evidence to

establish cause and prejudice excusing procedural default, successiveness, or an abuse of the writ, or otherwise make a colorable showing of factual innocence in order to establish the fundamental miscarriage of justice exception to these procedural rules. The court will review and consider the state court record supplied by the respondents and any additional evidentiary material offered by the petitioner in making a determination whether the petition should be summarily disposed of under Rule 8(a) of the *Rules Governing Section 2254 Cases.*

The petitioner shall have twenty-one (21) days from the date of this order to supply any additional evidentiary materials or legal arguments he may wish to offer with regard to whether the petition is subject to summary judgment. Thereafter, the court will take the petition under advisement for consideration in light of the respondents' answer, the state court record and any additional materials supplied by the petitioner.

**IMPORTANT NOTICE:**

(1) The petitioner should **not repeat** the allegations in his complaint because they will be considered in ruling on the respondents' motion for summary judgment. In other words, it is not necessary for the petitioner to say the same thing more than one time. Further, the petitioner should file all of his response at one time. **He should not submit his response in a piecemeal fashion by sending to the court one document after another. The petitioner will not be allowed, without good cause, to submit anything in opposition to the respondents' summary judgment motion outside the twenty-day time period.**

(2) The petitioner is hereby informed that his claims will be determined **only from the allegations made in his petition.** New allegations made in a traverse or in any other document will not be considered.

-2-

DONE this 22nd day of August, 2008.


ROBERT R. ARMSTRONG, JR.
UNITED STATES MAGISTRATE JUDGE