IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
MIDDLE DIVISION

JOHN HENRY HUNTER, JR.
Petitioner,

Vs.

JERRY FERRELL, et al,
Respondents.

08 SEP 15 PM 2:00

CIVIL ACTION NO.
08-RRA-0838-M

## PETITIONER'S TRAVERSE

Comes now, John Henry Hunter, a prisoner in custody of the Alabama Department of Corrections and housed at J.O. Davis Correctional Facility in Atmore, Alabama, in the above styled cause, hereby moving this Honorable Court for just adjudication in the instant Habeas Corpus proceedings after duly considering the pleadings of both parties, applicable law under the AEDPA, and upon the same issue the Writ conditionally, thus says your Petitioner:

1. The Respondent having filed its answer on August 20, 2008, and this Court having entered an order on August 22, 2008, ordering that Petitioner shall have twenty-one (21) days from the said date of the Court's order to supply any additional evidentiary materials or legal arguments he may wish to offer with regard to whether the petition is subject to summary judgment. The dead line for complying with said order is July 12, 2008, whether on or before.

2. Petitioner argues that summary judgment for the Respondent would be a miscarriage of justice because, the Respondent has failed to answer directly or indirectly the merit. However, a clear reading of the Respondent's answer reveals that its focus is that of the AEDPA, though applicable to the Petitioner, not sufficient enough to bar a jurisdictional claim from Federal review under 28 U.S.C. §2254(d)(1)(2).

3. Petitioner avers that the statements set out by the Respondent's answer, that is, in paragraphs enumerated 1 through 3, are correct in that the procedural history is discussed. As to the paragraph 4, while Petitioner admits the stated allegations concerns the substantive claim raised in State Court, he denies the state court adjudication can muster challenge under 28 U.S.C. §2254(d)(1)(2); and points out

      the inconsistency of the Respondents pleadings as appearing in paragraph 4 with that plead in paragraphs 5 and 6. See the below argument.

4. The Petitioner denies each and every allegation asserted by the Respondent in paragraphs 4 and 5 and demands strict proof thereof. The Respondent asserts that the claim in the present federal habeas corpus petition seems to be similar to the claim made in state court, but not exactly the same. As a matter of pleadings, the writ addresses the claim as it was presented to state courts and deserves further encourage by jurist of reason.

5. Petitioner aver the Respondent attempts to defer the claim and this court attention to a distinction from, "Petitioner alleges there was never a competency hearing prior to his guilty plea," from that of, "Hunter was evaluated and found competent to stand trial." Petitioner avers the claim presented the state courts is the very same presented for federal review in the instant petition and that after an evaluation was done, which called into question Petitioner's competency, "the trial court never held a competency hearing."

6. The Respondent is not entitled summary judgment on the authority of Teague v. Lane, 489 U.S. 288, 297-298 (1989), because the claim is not one that would fall in the definition of either of the Teague prongs.

7. Petitioner argues that the one year statute of limitations under the AEDPA does not bar the instant habeas corpus petition because as stated in the original habeas petition, the failure of the trial court to conduct a competency hearing is jurisdictional and cannot be waived nor subject to any procedural default doctrine that may preclude stand-alone constitutional issues. Thus, Petitioner denies the statement set out by the Respondent in paragraph 8 in its prayer for relief.

## ARGUMENT

Petitioner argues the trial court never made a finding of fact as to whether he was competent to stand trial, i.e., to plead guilty, after an evaluation was done that shed light on Petitioner's competency. As a matter of pleading facts, which if proven true, would warrant the granting of the writ, Petitioner has done so without dispute when pleading and proving by the required preponderance of the documentary evidence that after the evaluation was performed no hearing was held to make-out that Petitioner was or was not competent to stand trial, plead

2

guilty, or assist any attorney in preparing a defense, "because of Petitioner's mental state of competency being on the level of retardation and being unable to communicate with his attorney," the evaluation, as jurist will agree, shed sufficient light in which any reasonable judicial trial judge would have known, or should have known that the Constitution of the United States demands a hearing for determination of not Petitioner's mental state at the time of the offense, "but of Petitioner's competency."

*"The only question before this habeas court is whether the claim presented by Petitioner is a valid jurisdictional claim, because if so, the mandatory application of the AEDPA is inapplicable and the merit should be reached to prevent a fundamental miscarriage of justice."*

The Alabama Court of Criminal Appeals held with respect to the claim that: "The appellant also argues that the circuit court erroneously denied his motion to amend his petition. In his motion to amend, he argued that the trial court did not have jurisdiction to render judgments and impose sentences in his cases because it did not enter any orders regarding his competency or conduct a competency hearing before he entered his guilty pleas. [Footnote omitted] However, this was a nonjurisdictional claim that was precluded because the appellant could have raised it at trial and on appeal, but did not, and because it was time-barred." See Respondent's Exhibit C. Petitioner argues the state court's "procedural ruling is inconsistent with both it's on laws and federal law." Thus, Petitioner argues the Respondent is not entitled summary judgment in light of federal law, 28 U.S.C. §2254 (d)(1)(2), provides:

(d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim--

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

Petitioner, in order that he comply with this court's order issued on August 22, 2008, urges this court to consider the law cited in his original habeas petition because, the procedural ruling of the state courts resulted in a decision that was contrary to, "and" involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; and resulted in a decision that was based on an unreasonable determination of the facts in

light of the evidence presented in the state court proceeding, "and the law cited by Petitioner is that of both, procedural law as well as to the merit of the petition.

While the law is clear that a court of competent jurisdiction cannot compel a defendant to stand trial or enter into a guilty plead without a determination of competency "when it is clear that a pre-trial or pre-plea agreement competency hearing is necessary because the trial court was on notice of Petitioner's mental deficiencies, it stands true to date that the United States Supreme Court has not compelled the district courts to apply any less a standard. Thus, in the instant habeas case not only was the trial court on notice of Petitioner's incompetency, but also it was without jurisdiction to proceed further "without holding a competency hearing," therefore, this court should set this matter down for an evidentiary hearing, appoint counsel and provide an independent competency hearing so as to prove further that Petitioner to date is mentally retarded, incompetent, and should have been placed in an appropriate mental hospital.

## CONCLUSION

Wherefore, premises considered, Petitioner prays this Honorable Court will duly consider the application for writ of habeas corpus, the applicable federal and state law with respect to the court's power and authority to adjudicate, the merit and upon doing the same, issue the writ in accordance with the laws of the United States.

Respectfully Submitted,

*/s/ John Henry Hunter*

John Henry Hunter
AIS# 198425
Fountain Correctional Center –J.O. Davis
P.O Box 4000
Atmore, Al 36503

&

**/s/Brian Heath Harrison**
**Legal Assistant/Paralegal**

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing upon the Respondent on this _1_ day of September, 2008 by placing the same in the U.S. mail, postage prepaid, and properly addressed to: Cecil G. Brendle, Jr. 11 South Union Street Montgomery, Al 36130-0152.

*/s/ John Henry Hunter*
John Henry Hunter

4

## ACKNOWLEDGMENT

I, John Henry Hunter, do hereby swear under penalty of perjury that all the above has been represented to me by a duly certified Legal Assistant/Paralegal, and to the extent that I can, the same is true and correct.

SWORN to and SUBSRCIBED before me on this _11_ day of _September_, 2008.

_John Henry Hunter_
Signature of the Affiant

_[signature]_
Notary Public:

_1-12-2011_
My Commission Expires: