IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
MIDDLE DIVISION

| | |
|---|---|
| JOHN HENRY HUNTER, JR. ] | |
| ] | |
| Petitioner, ] | |
| ] | |
| v. ] | CIVIL ACTION NO. 08-RRA-0838-M |
| ] | |
| WARDEN JERRY FERRELL and ] | |
| THE ATTORNEY GENERAL FOR THE ] | |
| STATE OF ALABAMA, ] | |
| ] | |
| Respondents. ] | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This is a petition for a writ of habeas corpus brought by a person in custody under a judgment of a court of the State of Alabama. 28 U.S.C. § 2254. The petitioner, John Henry Hunter, was convicted on January 28, 1999, in the Circuit Court of Etowah County, on his plea of guilty to intentional murder, burglary in the first degree, robbery in the first degree, and two counts of robbery in the second degree. He was sentenced to a total term of imprisonment for forty years. Hunter did not appeal the convictions. Therefore, the convictions became final on March 11, 2000, when the forty-two days in which he could have filed a direct appeal from his convictions and sentences expired.

On November 9, 2004, Hunter filed a Rule 32 petition in the Circuit Court of Etowah County. The trial court denied the petition on February 4, 2005. The Alabama Court of Criminal Appeals affirmed the denial of the Rule 32 petition on June 10, 2005. *Hunter v. State*, 926 So. 2d 1091 (Ala. Crim. App. 2005)(table).

Hunter filed his second Rule 32 petition in the Circuit Court of Etowah County on November 21, 2005. The trial court denied the petition. The Alabama Court of Criminal Appeals affirmed the denial of the Rule 32 petition on June 16, 2006. *Hunter v. State*, 978 So. 2d 84 (Ala. Crim. App. 2006)(table).

On September 6, 2006, Hunter filed his third Rule 32 petition in the Circuit Court of Etowah County. The trial court denied the petition on June 29, 2007. The Alabama Court of Criminal Appeals affirmed the denial of the Rule 32 petition on December 14, 2007.

Hunter filed a petition for a writ of habeas corpus in this court on May 13, 2008. In support of his petition, Hunter claims that the trial court erred in failing to hold a hearing to determine his competency to stand trial.

In response to the court's order to show cause, the respondents have filed an answer in which they allege that the petition is due to be dismissed because it is barred by the one-year statute of limitations enacted by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). By order of the court, the parties were advised that the respondents' answer would be treated as a motion for summary dismissal pursuant to Rule 8(a) of the Rules Governing Section 2254 Cases. In response, Hunter has filed a traverse.

The AEDPA, effective April 24, 1996, amended 28 U.S.C. § 2244 to read in part, as follows:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of —
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

2

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Hunter's convictions became final on March 11, 2000, when the forty-two days in which he could have filed a direct appeal from his convictions and sentences expired. Thus, the one-year period he had to attack the convictions began to run on March 11, 2000, giving him until March 11, 2001, to file a habeas petition in this court. He did not file this petition until May 13, 2008, over seven years past the expiration of the limitations period. Thus, the petition is barred by the statute of limitations.

Title 28 U.S.C. § 2244(d)(2) does not help the petitioner. That section provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." Although Hunter filed a series of Rule 32 petitions in state court, the first of those petitions was not filed until November 9, 2004, several years after the one-year limitations period expired on March 11,

2001. The fact that Hunter successfully filed three Rule 32 petitions after the expiration of the one-year period for filing in federal court did not start the running of the limitations period anew:

> Section 2244(d)(2) does not state that the AEDPA's one-year statute begins to run anew after decision on a state collateral attack; such an interpretation would allow an inmate to avoid the effect of the AEDPA's one-year state of limitations by bringing a belated state collateral attack. See, e.g., *Hamilton v. Miller*, No. 98 CV 5669, 1999 WL 438472 at *3 (E.D.N.Y. May 18, 1999); *DeVeaux v. Schriver*, slip op. at 8; *Varsos v. Portuondo*, slip op. at 4; *Smith v. McGinnis*, No. CV 98-1034, 1999 WL 312121 at *3-4 (E.D.N.Y. March 17, 1999); *Cromwell v. Keane*, 33 F. Supp. 2d 282, 285 (S.D.N.Y. 1999) (Rakoff, D.J. & Peck, M.J.).
> 　Rather, § 2244(d)(2) merely excludes the time a collateral attack is under submission from the calculation of the one-year statute of limitations. *See, e.g., Flanagan v. Johnson,* 154 F.3d 196, 199 n. 1 (5th Cir.1998) ( "Under the plain language of the statute, any time that passed between the time that [petitioner's] conviction became final and the time that his state application for habeas corpus was properly filed must be counted against the one year period of limitation."); *DeVeaux v. Schriver*, slip op. at 8; *Broom v. Garvin*, 99 Civ. 1083, 1999 WL 246753 at *1 (S.D.N.Y. April 26, 1999) ("[T]he filing of a collateral attack in the state court tolls the AEDPA statute of limitations during the period that it is pending, but it does not commence a new limitations period."); *Hamilton v. Miller*, 1999 WL 438472 at *3; *Smith v. McGinnis*, 1999 WL 312121 at *3-4; *Varsos v. Portuondo*, slip op. at 4-5; *Brooks v. Artuz*, 98 Civ. 4449, 1999 WL 138926 at *2 (S.D.N.Y. March 15, 1999) ("The tolling provision [in 28 U.S.C. 2244(d)(2) ] does not . . . 'revive' the limitations period (i.e., restart the clock at zero); it can only serve to pause a clock that has not yet fully run.") (quoting *Rashid v. Kuhlmann*, 991 F. Supp. 254, 259 (S.D.N.Y.1998)); *Cowart v. Goord*, 97 Civ. 3864, 1998 WL 65985 at *2 (S.D.N.Y. Feb. 18, 1998) (Sotomayor, D.J.) ("the filing of a proper state collateral petition does serve to toll (but not start anew) the AEDPA statute of limitations"); *Hughes v. Irvin*, 967 F. Supp. 775, 778 (E.D.N.Y. 1997) (petitioner's statute of limitations period was suspended only during the period state collateral motions were pending, and began to run again, but not anew, when the state collateral motions were decided).

*Torres v. Miller*, No. 99 Civ. 0580 MBM, 1999 WL 714349, at *3-4 (S.D.N.Y. August 27, 1999). *See also Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir. 2000)("A state-court

petition like [the petitioner's] that is filed following the expiration of the limitations period cannot toll that period because there is no period remaining to be tolled."); *Villegas v. Johnson*, 184 F.3d 467, 472 (5th Cir. 1999)(tolling lasts "only as long as the state court takes to resolve the pending application because any lapse of time before a state application is properly filed will be counted against the one-year limitation period"); *Rashid v. Kuhlmann*, 991 F. Supp. 254, 259 (S.D.N.Y. 1998)("Once the limitations period is expired, collateral petitions can no longer serve to avoid the statute of limitations.").

Hunter appears to argue that the limitations period should be equitably tolled. The Eleventh Circuit Court of Appeals has held that the statute of limitations enacted by the AEDPA was intended to be an ordinary statute of limitations and not a jurisdictional bar. *Helton v. Secretary for Dept. of Corrections*, 233 F.3d 1322, 1324 (11th Cir. 2000).

> It is by now clear in this Circuit that "[e]quitable tolling can be applied to prevent the application of the AEDPA's statutory deadline when 'extraordinary circumstances' have worked to prevent an otherwise diligent petitioner from timely filing his petition." *Helton*, 259 F.3d at 1312. Although "[e]quitable tolling is an extraordinary remedy which is typically applied sparingly," *Steed v. Head*, 219 F.3d 1298, 1300 (11th Cir. 2000) (*citing Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96, 111 S. Ct. 453, 457-58, 112 L. Ed. 2d 435 (1990)), it is "appropriate when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence." *Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir. 1999) (emphasis added). The burden of establishing entitlement to this extraordinary remedy plainly rests with the petitioner. *See, e.g., Helton*, 259 F.3d at 1313-14 (denying equitable tolling in light of petitioner's failure to present necessary evidence); *see also Justice v. United States*, 6 F.3d 1474, 1479 (11th Cir. 1993) ("The burden is on the plaintiff to show that equitable tolling is warranted.").
> In order to be entitled to the benefit of equitable tolling, a petitioner must act with diligence, and the untimeliness of the filing must be the result of circumstances beyond his control.

5

*Drew v. Department of Corrections*, 297 F.3d 1278, 1286-87 (11th Cir. 2002). Because of this difficult burden, the Eleventh Circuit Court of Appeals has rejected most claims for equitable tolling. *See, e.g.*, *Dodd v. United States*, 365 F.3d 1273 (11th Cir. 2004) (limitations period not equitably tolled during period when prisoner was transferred to another facility and did not have access to his papers); *Diaz v. Secretary for Dept. of Corrections*, 362 F.3d 698 (11th Cir. 2004) (holding that lapse of 532 days, 258 days before filing first federal petition and 274 days before filing second federal petition, constitutes lack of due diligence); *Johnson v. United States*, 340 F.3d 1219 (11th Cir. 2003) (holding that petitioner's inaction during the year after his conviction was affirmed on direct appeal did not justify equitable tolling); *Helton*, 259 F.3d at 1312 (rejecting petitioner's reliance upon counsel's mistaken calculation of limitations period because petitioner did not show due diligence in ascertaining the correct period); *Steed v. Head*, 219 F.3d 1298 (11th Cir. 2000) (holding that attorney's miscalculation of the limitations period or mistake could not be the basis for equitable tolling); *Akins v. United States*, 204 F.3d 1086 (11th Cir. 2000) (limitations period not equitably tolled based on prison lockdowns and misplacement of legal papers); *Sandvik v. United States*, 177 F.3d 1269 (11th Cir. 1999) (holding that attorney negligence will not warrant equitable tolling). *See also Salazar-Carvajal v. United States*, No. 8:06-CV-539-T-30MAP, 2006 WL 1063688 (M. D. Fla. April 21, 2006)(petitioner's inability to speak or read English or fact that petitioner is unlearned in the law or unfamiliar with the one-year limitations period are not "extraordinary circumstances" that would justify equitable tolling of the limitations period).

6

Hunter appears to argue that the limitations period should be equitably tolled because "the failure of the trial court to conduct a competency hearing is jurisdictional and cannot be waived or subject to any procedural default doctrine that may preclude stand-alone constitutional issued." However, the fact that a petitioner, under Alabama law, has the right at any time to make a jurisdictional challenge to a conviction cannot serve to toll AEDPA's one-year limitations period." *Edmond v. Moseley*, No. CA 06-0789-CG-C, 2007 WL 2997097, *7 (S.D. Ala. Oct. 11, 2007). There is no exception under the AEDPA for subject matter jurisdiction claims. Hunter has offered no facts that would allow his petition to go forward under the limited exceptions to the AEDPA's statute of limitations. Therefore, he is not entitled to have the limitations period equitably tolled.

The limitations period expired on March 11, 2001. Hunter did not file this petition until May 13, 2008. Therefore, his petition is untimely and it is due to be dismissed because it is barred by the statute of limitations.

Accordingly, the magistrate judge recommends that the respondent's motion for summary judgment be GRANTED and that the petition for a writ of habeas corpus be DISMISSED because it is barred by the statute of limitations.

Any party may file specific written objections to this report within fifteen (15) days of the date it is filed in the office of the Clerk. Any objections filed must specifically identify the findings in the magistrate judge's recommendation to which the objections pertain. Frivolous, conclusive, or general objections will not be considered by the District Court. Failure to file written objections to the proposed findings and recommendations of the magistrate judge's report shall bar the party from a de novo determination by the District Court of issues

covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  A copy of the objections must be served upon all other parties to the action.

The Clerk is DIRECTED to serve a copy of this Report and Recommendation upon the petitioner and counsel for the respondents.

DONE this 17th day of September, 2008.

_____
Robert R. Armstrong, Jr.
United States Magistrate Judge