IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
MIDDLE DIVISION

| | |
|---|---|
| **JOHN HENRY HUNTER, JR.** ] | |
| ] | |
| Petitioner, ] | |
| ] | |
| v. ] | **CIVIL ACTION NO. 4:08-CV-0838-RRA** |
| ] | |
| **WARDEN JERRY FERRELL and** ] | |
| **THE ATTORNEY GENERAL FOR THE** ] | |
| **STATE OF ALABAMA,** ] | |
| ] | |
| Respondents. ] | |

**MEMORANDUM OPINION**

This is a habeas corpus petition. The magistrate judge entered a report and recommendation recommending that Respondents' motion for summary judgment be granted and the action dismissed because it is barred by the statute of limitations. Objections have been filed.

In his objections, Petitioner argues for the first time that the limitations period should be equitably tolled due to his mental deficiency. "Equitable tolling can be applied to prevent the application of AEDPA's statutory deadline when 'extraordinary circumstances' have worked to prevent an otherwise diligent petitioner from timely filing his petition." *Helton v. Secretary for Department of Corrections*, 259 F.3d 1310, 1312 (11th Cir. 2001). However, equitable tolling is an extraordinary remedy that is applied sparingly; indeed, it is appropriate only "when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence." *Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir. 1999); *see also Wade v. Battle*, 379 F.3d 1254, 1264-65 (11th Cir. 2004) (*quoting Drew v. Department of Corrections*, 297 F.3d 1278, 1286 (11th Cir. 2002) and *Sandvik*). "The focus of the inquiry

regarding 'extraordinary circumstances' is 'on the circumstances surrounding the late filing of the habeas petition' and not on the circumstances of the underlying conviction, and whether the conduct of others prevented the petitioner from timely filing." *Arthur v. Allen*, 452 F.3d 1234, 1253 (11th Cir. 2006) *(quoting Helton*, 259 F.3d at 1314-15) (*citing Lawrence v. Florida*, 421 F.3d 1221, 1226 (11th Cir. 2005), aff'd, 127 S. Ct. 1079 (2007)). The burden of establishing entitlement to this extraordinary remedy is on the petitioner.

Petitioner contends that "his mental retardation prevented him from timely filing his federal habeas petition as to warrant the application of equitable tolling." He maintains that it "undermines and contravenes our system of fair play and justice" for him to be "time barred in federal court when he is not time barred in state court." In support of his argument, Petitioner has submitted the court-ordered Forensic Evaluation Report, dated April 25, 1997, prepared by Dr. Lawrence R. Maier, for the purpose of assessment of Petitioner's competency to stand trial and criminal responsibility, prior to Petitioner's trial on the charges now at issue. In concluding that Petitioner was competent to stand trial and at the time of the offense, Dr. Maier found, in part, as follows:

> The forensic evaluation is now complete and opinions are that despite several moderately impaired relevant areas as to his capacities and understanding, he does have sufficient grasp of the adversarial process, the charge against him, and court proceedings generally, and he can assist his attorney meaningfully and with sufficient understanding, if he wishes. This is not to say it will be easy, for he is indeed very concrete and limited in his ability to plan ahead and use language, both for problem-solving and for expressive communication. Yes, one senses that in some areas at least there is greater comprehension than test scores would indicate, particularly in the criminal justice area where he is in some respects an "old pro." Still, he is clearly Mentally Retarded, and should the Court reach disposition other than imprisonment, it should expect continued antisocial behavior if he is not somehow placed in a more protective, supervised environment. For now however, he does have minimal capacity to meet competency requirements, and he should be returned to Court to face the pending charge. He does now, and did at the time of the crime, know the difference between right from wrong, and his apparent overriding fear for his own

> life was not in my estimation sufficient enough to remove his basic understanding of right from wrong. Therefore, there are not sufficient grounds for a mental state defense.

*Exhibit A to Petitioner's Objections*, p. 13.

> Some courts have recognized that mental incompetence may support equitable tolling of a limitation period. *See Fisher v. Johnson*, 174 F.3d 710, 715 (5th Cir. 1999), *cert. denied*, 531 U.S. 1164, 121 S. Ct. 1124, 148 L. Ed. 2d 991 (2001). However, a petitioner must "establish a causal connection between his alleged mental incapacity and his ability to file a timely petition." *Lawrence v. Florida*, 421 F.3d 1221, 1226 (11th Cir. 2005). *See also Price v. Lewis*, 119 Fed. Appx. 725, 2005 WL 23371 (6th Cir. 2005) ("Illness-mental or physical-tolls the statute of limitations only if it actually prevents the sufferer from pursuing his legal rights during the limitations period."), *cert. denied*, 546 U.S. 886, 126 S. Ct. 221, 163 L. Ed. 2d 193 (2005). The mere fact that Petitioner may have suffered and/or now suffers from mental impairments, without more, is not sufficient to justify equitable tolling. *Lawrence*, 421 F.3d at 1227; *Lake v. Arnold*, 232 F.3d 360, 371 (3rd Cir. 2000).

*Burgess v. Secretary, Florida Department of Corrections*, No. 8:05-cv-1844-T-27TGW, 2008 WL 1924280 at *2 (M. D. Fla. May 1, 2008).

Petitioner's allegations fall short of establishing mental incompetence that prevented him from submitting his habeas petition in a timely fashion. Initially, the court notes that Petitioner has done nothing more than make a conclusory allegation that his mental retardation prevented him from timely filing his habeas petition. He has proffered no factual support showing that he is or ever was actually mentally incompetent or completely unable to understand the nature and object of post-conviction proceedings and to present his case for post-conviction relief in a rational manner. Indeed, the report of the licensed psychologist who examined him to determine his mental competency during commission of the crimes and his competency to stand trial, determined that Petitioner was not mentally incompetent. Not every mental deficiency amounts to mental

3

incompetence; therefore, his allegation of mental incompetency is insufficient. *See Smith v. Newsome*, 876 F.2d 1461, 1465 (11th Cir. 1989).

Because the facts do not suggest that Petitioner's more than seven-year delay in filing his federal habeas petition was due to his actual mental incompetence, the court finds that he has failed to present extraordinary circumstances warranting equitable tolling.

The court has considered the entire file in this action, including the report and recommendation and Petitioner's objections to the report and recommendation, and has reached an independent conclusion that the report and recommendation is due to be adopted and approved.

Accordingly, the court hereby **ADOPTS** and **APPROVES** the findings and recommendation of the magistrate judge as the findings and conclusions of the court. This habeas petition is due to be dismissed. An appropriate order will be entered.

**DONE** and **ORDERED** this ___4th___ day of November, 2008.

_____
**R. DAVID PROCTOR**
UNITED STATES DISTRICT JUDGE