FILED
2010 Jun-08 AM 11:58
U.S. DISTRICT COURT
N.D. OF ALABAMA

THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA

| | |
|---|---|
| JOHN HENRY HUNTER, ) | |
| ) | |
| Plaintiff/Petitioner, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. |
| ) | 4:08-CV-00838-RDP |
| JERRY FERRILL, et. al., ) | |
| ) | |
| Defendants/Respondents. ) | |

## RESPONDENTS' BRIEF IN
## OPPOSITION TO § 2254 PETITION

Come now the Respondents in the above-styled cause, by and through the Attorney General for the State of Alabama, and files this brief in support of Respondents' contention that Hunter has failed to present sufficient evidence to create a factual basis as to a casual connection between his mental condition and his ability to file a timely § 2254 petition.

## BACKGROUND

On January 28, 1999, Hunter pled guilty in Etowah County Circuit Court to Murder, First Degree Robbery, First Degree Burglary and two counts of Second Degree Burglary. He was sentenced to forty years imprisonment on the Murder

conviction, twenty years imprisonment on the First Degree Robbery and First Degree Burglary convictions and ten years imprisonment on the Second Degree Burglary convictions. Hunter did not appeal his convictions.

On November 9, 2004, Hunter filed a petition for relief pursuant to Rule 33, Ala. R. Crim. P. in Etowah County Circuit Court attacking his 1999 conviction. On February 4, 2004, this petition was denied by the circuit court. This denial was affirmed on appeal by memorandum opinion on June 16, 2005.

On November 21, 2005, Hunter filed a second Rule 32 petition in state circuit court and it was subsequently dismissed. The Alabama Court of Criminal Appeals affirmed the dismissal on June 16, 2006, by memorandum opinion.

On September 6, 2006, Hunter filed his third Rule 32 petition attacking his 1999 convictions. In that petition, he alleged that the trial court was without jurisdiction to render judgment or to impose sentence because he was not mentally competent to plead guilty. The circuit court denied this petition and on appeal, Hunter asserted his lower court claim.

On December 14, 2007, the Alabama Court of Criminal Appeals affirmed the denial of Hunter's Rule 32 petition in a memorandum opinion on the merits.

On May 13, 2008, Hunter filed this present federal habeas corpus petition alleging for the first time that the 1999 trial court that convicted him erred in

2

failing to hold a hearing prior to his guilty plea to determine his competency to stand trial. A court ordered a mental assessment to determine Hunter's competency to stand trial and his mental state at the time of the offenses had concluded that Hunter, though mental retarded, had "minimal capacity to meet competency requirements" to stand trial and understood the difference between right and wrong at the time of the offenses.

## EQUITABLE TOLLING

The issue before this Court is whether Hunter has presented sufficient evidence to create a factual issue as to a casual connection between his mental incapacity and his ability to file a timely § 2254 petition.

Respondents acknowledge that the one-year statute of limitation period in Title 28, U.S.C. § 2244(d) is subject to equitable tolling in "rare and exceptional cases". Helton v. Secretary for Dept. of Corrections, 259 F.3d 1310, 1312 (11th Cir. 2001). The burden of establishing entitlement to this extraordinary remedy rests with Hunter. Wade v. Battle, 379 F.3d 1254, 1264-65 (11th Cir. 2004).

The courts have recognized that mental incompetency can support equitable tolling of the limitation period. Fisher v. Johnson, 174 F.3d 710, 715 (5th Cir. 1999). The claim of mental incompetency does not justify equitable tolling of the

limitation period where Hunter has failed to establish a casual connection between his mental problems and his ability to timely file a federal habeas petition. Lawrence v. Florida, 421 F.3d 1221, 1226 (11th Cir. 2005). He must make a threshold showing of incompetence, Calderon v. United States District Court for the Central District of California, 163 F.3d 53, 591 (9th Cir. 1998), and demonstrate that the alleged incompetence affected his ability to file a timely habeas petition. Miller v. New Jersey State Dept. of Corrections, 145 F.3d 616, 618 (3rd Cir. 1998). Mental incompetence, standing alone, is not sufficient reason to toll limitation period. Lawrence, id at 1227.

Circumstances do not warrant equitable tolling where the party urging tolling has been able to pursue legal action during the period of his alleged incapacity. Biester v. Midwest Health Services, Inc., 77 F.3d 1264, 1268 (10th Cir. 1996). Hunter's pro se status and ignorance of the law are insufficient to support equitable tolling of the statute of limitation. Felder v. Johnson, 204 F.3d 168, 171 (5th Cir. 1999), cert. denied, 531 U.S. 1035, 121 S.Ct. 622, 148 L.Ed.2d 532 (2000).

The mere fact Hunter suffered from some mental incapacity is not sufficient to show that he was prevented by that condition from timely pursuing federal habeas corpus relief. The fact that he was able to file three state collateral attacks

of his 1999 conviction, presented valid issues, and even got the state courts to address his competence to stand trial, shows that his alleged mental incapacity did not prevent him from pursuing his legal rights before the latest filing of his habeas corpus petition or that he was prevented from doing so. He has failed to establish a casual connection between his mental incompetence and his ability to file a timely federal habeas petition. Mental incompetence, standing alone, is not a sufficient reason to toll the application of the one-year statute of limitation. See Lawrence v. Florida, 421 F.3d 1221, 1226-27 (11th Cir. 2005). While this Court may sympathize with Hunter's difficulty in prosecuting his case in light of his mental health status, sympathy is not an adequate ground for equitable tolling. See Baldwin Ctr. Welcome Center v. Brown, 466 U.S. 147, 152, 104 S.Ct 1723, 80 L.Ed.2d 196 (1984)("Procedural requirements established by Congress for gaining access to federal courts are not to be disregarded by courts out of a vague sympathy for particular litigants".)

Hunter has not alleged sufficient facts to justify the equitable tolling of the statute of limitations for the filing of the habeas corpus petition in this case.

Finally, even if Hunter's mental capacity were to toll the statute of limitation, the present habeas action is still procedurally barred. Hunter's habeas claim was that the trial court did not hold a competency hearing before taking his guilty pleas.

This was not the same claim that was presented to the state courts where he alleged that he was not competent to stand trial.

                                                                         Respectfully submitted,

                                                                         Troy King (KIN047)
                                                                         *Attorney General*
                                                                         By-

                                                                         /s/Cecil G. Brendle, Jr.
                                                                         Cecil G. Brendle, Jr. (BRE005)
                                                                         *Assistant Attorney General*

## CERTIFICATE OF SERVICE

I hereby certify that on this 8th day of June, 2010, I electronically filed the foregoing with the Clerk of the Court and I hereby certify that I have mailed by United States Postal Service the document to the attorney for Plaintiff/Petitioner addressed as follows:  <u>Donald L. Colee, Jr. 604 38th Street South, Birmingham, Alabama  35222.</u>

/s/Cecil G. Brendle, Jr. (CGB005)
Cecil G. Brendle, Jr. (CGB005)
Office of the Attorney General
500 Dexter Avenue
Montgomery, AL  36130-0152
Telephone:  (334)  242-7300
Fax:  (334)  242-2848
E-Mail:  cbrendle@ago.state.al.us

986414/122493-001