FILED
 2010 Nov-08  PM 12:22
 U.S. DISTRICT COURT
    N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
MIDDLE DIVISION

| | |
|---|---|
| JOHN HENRY HUNTER, JR. ] | |
| ] | |
|     Petitioner, ] | |
| ] | |
| v. ] | 4:08-cv-00838-RDP-RRA |
| ] | |
| WARDEN JERRY FERRELL and ] | |
| THE ATTORNEY GENERAL FOR THE ] | |
| STATE OF ALABAMA, ] | |
| ] | |
|     Respondents. ] | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This is a petition for a writ of habeas corpus brought by a person in custody under a judgment of a court of the State of Alabama. 28 U.S.C. § 2254. The petitioner, John Henry Hunter, was convicted on January 28, 1999, in the Circuit Court of Etowah County, on his plea of guilty to intentional murder, burglary in the first degree, robbery in the first degree, and two counts of robbery in the second degree. He was sentenced to a total term of imprisonment for forty years. Hunter did not appeal the convictions. Therefore, the convictions became final on March 11, 2000, when the forty-two days in which he could have filed a direct appeal from his convictions and sentences expired.

On November 9, 2004, Hunter filed a Rule 32 petition in the Circuit Court of Etowah County. The trial court denied the petition on February 4, 2005. The Alabama Court of Criminal Appeals affirmed the denial of the Rule 32 petition on June 10, 2005. *Hunter v. State*, 926 So. 2d 1091 (Ala. Crim. App. 2005)(table).

Hunter filed his second Rule 32 petition in the Circuit Court of Etowah County on November 21, 2005. The trial court denied the petition. The Alabama Court of Criminal Appeals affirmed the denial of the Rule 32 petition on June 16, 2006. *Hunter v. State*, 978 So. 2d 84 (Ala. Crim. App. 2006)(table).

On September 6, 2006, Hunter filed his third Rule 32 petition in the Circuit Court of Etowah County. The trial court denied the petition on June 29, 2007. The Alabama Court of Criminal Appeals affirmed the denial of the Rule 32 petition on December 14, 2007.

Hunter filed a petition for a writ of habeas corpus in this court on May 13, 2008. In support of his petition, Hunter claims that the trial court erred in failing to hold a hearing to determine his competency to stand trial.

On September 17, 2008, the magistrate judge entered a report and recommendation, recommending that the petition be denied because it is barred by the statute of limitations. Hunter filed objections to the report and recommendation on October 22, 2008, arguing for the first time that the statute of limitations should not apply to him because he was unable to timely file his petition in this court due to his mental incompetency. On November 4, 2008, the court adopted the magistrate judge's recommendation and dismissed the petition. The court found that Hunter had failed to establish a causal connection between his mental deficiencies and his more than seven year delay in filing a petition in this court.

The Eleventh Circuit Court of Appeals vacated this court's dismissal of the habeas petition on November 18, 2009. *Hunter v. Ferrell*, 587 F.3d 1304 (11th Cir. 2009). The court found that "Hunter's evidence, while not sufficient to establish definitively that the filing deadline should be equitably tolled (at all or for how long), is sufficient to raise a factual

issue as to whether a causal connection exists between his mental impairment and his ability to file a timely § 2254 petition, precluding summary judgment at this juncture. Hunter's claims merit further investigation and factual development of the record." *Id*. at 1309-1310. The appellate court remanded the case to this court "for the appointment of counsel pursuant to 18 U.S.C. § 3006A and for further investigation and factual development and proceedings on the merits of Hunter's equitable tolling claim." *Id*. at 1310.

On January 27, 2010, the court appointed Donald Colee to represent the petitioner in this matter. Mr. Colee was ordered to investigate the petitioner's claim that his mental impairment warrants equitable tolling of the statute of limitations, and to file a written argument on the equitable tolling issue. Mr. Colee filed a brief addressing the equitable tolling issue on April 22, 2010. Mr. Colee states that in his investigation he met with Hunter and his elderly mother. Hunter's mother informed Mr. Colee that Hunter "has been on Social Security Disability for most of his entire life," and provided him with documents reflecting "examinations conducted on [Hunter] when he was 18 years old." The documents "indicate that at the time Hunter was 18 years old[, . . .] [h]e suffered from extreme mental retardation and emphasize even more his difficulty in communicating with his attorney and other people." They further indicate that Hunter's I.Q. scores were similar to those found by Dr. Maier, who evaluated Hunter prior to his 1999 murder, burglary and robbery convictions. Hunter requested that an evidentiary hearing be set in the matter, so the court can "hear [his] testimony and observe his demeanor and condition as it relates to the issues on equitable tolling."

In response to Hunter's argument on equitable tolling, the respondents have filed an opposition, in which they maintain that Hunter is not entitled to equitable tolling because he has failed to establish a causal connection between his mental problems and his ability to timely file a federal habeas petition.  The respondents point out that the "fact that he was able to file three state collateral attacks of his 1999 conviction, presented valid issues, and even got the state courts to address his competence to stand trial, shows that his alleged mental incapacity did not prevent him from pursuing his legal rights before the latest filing of his habeas corpus petition or that he was prevented from doing so."  The respondents argue in the alternative, that even if Hunter were entitled to equitable tolling, his petition is barred by procedural default.  *Court Document 32* at 4-5.

Following the respondents' response, the petitioner filed a reply, in which he again requests that the matter be set for an evidentiary hearing, or in the alternative, that the court allow Hunter to be "examined by a trained psychiatrist or psychologist to determine whether or not his incapacity is such that it would have affected his ability to file his petition."  *Court Document* 33 at 2.

It is undisputed that Hunter filed the current petition after the one-year limitations period expired.  *Hunter v. Ferrell*, 587 F.3d 1304, 1308 n.3 (11th Cir. 2009).  However, the court finds that it would be an unnecessary use of the court's time and resources to appoint an expert and/or conduct an evidentiary hearing in an effort to determine whether Hunter's mental deficiencies are sufficient to justify equitably tolling of the statute of limitations, when the only claim raised in the petition is procedurally barred from review in this court.  Therefore, for purposes of this petition only, the court will presume that Hunter's mental

incapacity is sufficient to warrant equitable tolling. Accordingly, Hunter's motions for an evidentiary hearing and for appointment of an expert are DENIED.

In support of his petition, Hunter claims that the trial court violated his due process rights by failing to hold a competency hearing before accepting his guilty plea. *Petition* at 14 ("trial court erred to hold an independent hearing to determine whether Petitioner could adequately assist his attorney in preparing a defense, which must have been done before any further proceedings could occur"); *Petitioner's Traverse*, Court Document 10 at 2 ("the trial court never held a competency hearing"). Hunter attempted to raise this claim in an amendment to his second Rule 32 petition, but the trial court denied his motion to amend. *Respondents' Exhibit C,* Court Document 6-3 at 2. On appeal from the denial of that petition, Hunter argued that the trial court erroneously denied his motion to amend. The Alabama Court of Criminal Appeals found that the claim was procedurally barred:

> The appellant also argues that the circuit court erroneously denied his motion to amend his petition. In his motion to amend, he argued that the trial court did not have jurisdiction to render judgments and impose sentences in his cases because it did not enter any orders regarding his competency or conduct a competency hearing before he entered his guilty pleas. However, this was a nonjurisdictional claim that was precluded because the appellant could have raised it at trial and on appeal, but did not, and because it was time-barred. *See* Rules 32.2(a)(3), (a)(5), and (c), Ala. R. Crim. P. Therefore, the appellant was not entitled to relief on the claim in his amended petition, and any error in the circuit court's refusal to grant him leave to amend his petition was harmless. *See* Rule 45, Ala. R. App. P.

*Id*. at 2-3.

The Eleventh Circuit Court of Appeals has addressed claims that have been presented to a state court and held to be barred as follows:

> The federal courts' authority to review state court criminal convictions pursuant to writs of habeas corpus is severely restricted when a petitioner has failed to follow applicable state procedural rules in raising a claim, that is, where the claim is procedurally defaulted. Federal review of a petitioner*s claim is barred by the procedural default doctrine if the last state court to review the claim states clearly and expressly that its judgment rests on a procedural bar, *Harris v. Reed*, 489 U.S. 255, 263 (1989), and that bar provides an adequate and independent state ground for denying relief. *See Id.* at 262; *Johnson v. Mississippi*, 486 U.S. 578, 587 (1988). The doctrine serves to ensure petitioners will first seek relief in accordance with state procedures, see *Presnell v. Kemp*, 835 F.2d 1567, 1578-79 (11th Cir. 1988), *cert. denied*, 488 U.S. 1050 (1989), and to "lessen the injury to a State that results through reexamination of a state conviction on a ground that a State did not have the opportunity to address at a prior, appropriate time." *McCleskey v. Zant*, __ U.S. __, __, 111 S. Ct. 1454, 1470, 113 L. Ed. 2d 517 (1991).

*Johnson v. Singletary*, 938 F.2d 1166, 1173 (11th Cir. 1991). Thus, if a claim has been previously presented in some form to a state court, a federal habeas court may refuse to hear that claim only if the last state court rendering the judgment "clearly and expressly" stated that its judgment was based on procedural bar. *Harris v. Reed*, 489 U.S. 255, 263 (1989).

The Alabama Court of Criminal Appeals was the last state court to render judgment on Hunter's claim that the trial court violated his due process rights by failing to hold a competency hearing. In its opinion, the Alabama Court of Criminal Appeals clearly and specifically held that the claim was procedurally barred:

> this was a nonjurisdictional claim that was precluded because the appellant could have raised it at trial and on appeal, but did not, and because it was time-barred. *See* Rules 32.2(a)(3), (a)(5), and (c), Ala. R. Crim. P.

*Respondents' Exhibit C,* Court Document 6-3 at 2-3. Hunter contends that this "procedural ruling is inconsistent with both [the state's] own law and federal law." *Petitioner's Traverse*, Court Document 10 at 3. However, it is clear to this court that Rules 32.2(a)(3) and (5) are

6

firmly established and regularly followed.[1] Furthermore, Alabama's statute of limitation set out in Rule 32(c) of the Alabama Rules of Criminal Procedure is firmly established and regularly followed for purposes of applying the doctrine of procedural default. *Siebert v. Allen*, 455 F.3d 1269 (11th Cir. 2006); *Hurth v. Mitchem*, 400 F.3d 857 (11th Cir. 2005). Finally, it is clear under Eleventh Circuit law that a procedural competency claim is waived if it is not raised on direct appeal. *See, e.g., Battle v. United States*, 419 F.3d 1292, 1298 (11th Cir. 2005)(movant waived procedural competency claim by failing to raise it on direct appeal); *Medina v. Singletary*, 59 F.3d 1095, 1106, 1111 (11th Cir. 1995)(procedural competency claim barred from review in federal court where Florida Supreme Court held that the claim was procedurally defaulted because it could have been raised on direct appeal and was not); *James v. Singletary*, 957 F.2d 1562, 1572 (11th Cir. 1992)(procedural competency claims "can and must be raised on direct appeal").

It is undisputed that Hunter did not raise a procedural competency claim on direct appeal.[2] When he tried to raise the claim in a Rule 32 petition, the Alabama Court of Criminal Appeals refused to consider the claim, finding that it was procedurally barred. It is clear from the record that the last state court to review the petitioner's claim "clearly and

---

[1] *See e.g., Lamb v. State*, No. CR-08-1682, 2010 WL 2546424, *4 (Ala. Crim. App. June 25, 2010)(applying Rule 32.2(a)(5)); *Scott v. State*, CR-06-2233, 2010 WL 1170216 (Ala. Crim. App. March 26, 2010)(applying Rule 32.2(a)(3) &(5)); *Lee v. State*, CR-07-0054, 2009 WL 3255175, *28 (Ala. Crim. App. October 09, 2009)(applying Rule 32.2(a)(3)); *Freeman v. State*, CR-08-0219, 2009 WL 2657614 (Ala. Crim. App. August 28, 2009)(applying Rule 32.2(a)(5)); *Smith v. State*, CR-05-0561, 2008 WL 4369249 (Ala. Crim. App. September 26, 2008)(applying Rule 32.2(a)(3) &(5)); *Hooks v. State*, 21 So.3d 772 (Ala. Crim. App. 2008)(applying Rule 32.2(a)(3) &(5)); *Bonds v. State*, 4 So.3d 1207 (Ala. Crim. App. 2008)(applying Rule 32.2(a)(3) &(5)).

[2] In fact, Hunter's counsel did not file a direct appeal at all.

expressly" stated that its judgment rested on procedural bars, that were independent and adequate under state law. *See Whiddon v. Dugger*, 894 F.2d 1266 (11th Cir. 1990). Therefore, the petitioner's claim is procedurally barred from review in this court.

If a petitioner has procedurally defaulted on a constitutional claim, he is barred from litigating that claim in a federal habeas corpus proceeding unless he can show adequate "cause" for and "actual prejudice" from the default. *Engle v. Isaac,* 456 U.S. 107 (1982); *Wainwright v. Sykes,* 433 U.S. 71 (1977). The "cause and prejudice" test of *Engle v. Isaac* and *Wainwright v. Syke*s is in the conjunctive. Therefore, the petitioner must prove both cause and prejudice to excuse her procedural default.

The United States Supreme Court summarized the "cause and prejudice" standard:

> In *Wainwright v. Sykes*, 433 U.S. 72 (1977), this Court adopted the "cause and prejudice" requirement of *Francis v. Henderson*, [425 U.S. 536 (1976)], for all petitioners seeking federal habeas relief on constitutional claims defaulted in state court. The *Sykes* Court did not elaborate upon this requirement, but rather left open "for resolution in future decisions the precise definition of the 'cause'-and-'prejudice' standard." 433 U.S. at 87, 53 L. Ed. 2d 594, 97 S. Ct. 2497. Although more recent decisions likewise have not attempted to establish conclusively the contours of the standard, they offer some helpful guidance on the question of cause. In *Reed v. Ross*, 468 U.S. 1, 82 L. Ed. 2d 1, 104 S. Ct. 2901 (1984), the Court explained that although a "tactical" or "intentional" decision to forgo a procedural opportunity normally cannot constitute cause, *id.,* at 13-14, 82 L. Ed. 2d 1, 104 S. Ct. 2901, "the failure of counsel to raise a constitutional issue reasonably unknown to him is one situation in which the [cause] requirement is met." *Id.,* at 14, 82 L. Ed. 2d 1, 104 S. Ct. 2901. The Court later elaborated upon *Ross* and stated that "the existence of cause for a procedural default must ordinarily turn on whether the prisoner can show that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule." *Murray v. Carrier*, 477 U.S. 478, 488 (1986). We explained that "a showing that the factual or legal basis for a claim was not reasonably available to counsel, . . . would constitute cause under this standard." *Ibid.*

*Amadeo v. Zant*, 486 U.S. 214, 221-22 (1988).

The petitioner also must demonstrate that he was prejudiced; he must show "not merely that the errors . . . created a *possibility* of prejudice, but that they worked to his *actual* and substantial disadvantage, infecting [the] entire trial with error of constitutional dimensions." (emphasis in original). *United States v. Frady*, 456 U.S. 152, 170 (1982). A federal habeas court, however, will consider a procedurally defaulted claim in the absence of cause, if a "fundamental miscarriage of justice" has "probably resulted in the conviction of one who is actually innocent." *Smith v. Murray*, 477 U.S. 527, 537-38 (1986) (*quoting, respectively, Engle*, 456 U.S. at 135, and *Murray,* 477 U.S. at 496).

Hunter has offered nothing to suggest that he had cause for failing to raise his procedural competency claim on direct appeal, or that he has been actually prejudiced by the default. Likewise, he has made no argument that he is "actually innocent" of the crimes for which he was convicted. Therefore, he is procedurally barred from raising his claim in this court and the petition is due to be DISMISSED.

Alternatively, even if Hunter's claim were not procedurally barred from review in this court, it would be due to be denied on the merits.

> A petitioner may make a procedural competency claim by alleging that the trial court failed to hold a competency hearing after the defendant's mental competence was put at issue. *Pate*, 383 U.S. at 385, 86 S. Ct. at 842. To prevail on the procedural claim, "a petitioner must establish that the state trial judge ignored facts raising a 'bona fide doubt' regarding the petitioner's competency to stand trial." *James*, 957 F.2d at 1572 n. 15 (*citing Fallada v. Dugger*, 819 F.2d 1564, 1568 (11th Cir. 1987)). Even if a defendant is mentally competent at the beginning of his trial, the trial court must continually be alert for changes which would suggest that he is no longer competent. *Drope v. Missouri*, 420 U.S. 162, 180, 95 S. Ct. 896, 908, 43 L. Ed. 2d 103 (1975). Although there are "no fixed or immutable signs which invariably indicate the need for further inquiry to determine fitness to proceed," "evidence of a defendant's irrational behavior, his demeanor at trial,

> and any prior medical opinion on competence to stand trial are all relevant." *Id*. *Pate* established "a rebuttable presumption of incompetency upon a showing by a habeas petitioner that the state trial court failed to hold a competency hearing . . . despite information raising a bona fide doubt as to the petitioner's competency," *James*, 957 F.2d at 1570, but the petitioner bears the burden of showing that "objective facts known to the trial court were sufficient to raise a bona fide doubt," *Reese v. Wainwright*, 600 F.2d 1085, 1091 (5th Cir.), *cert. denied*, 444 U.S. 983, 100 S. Ct. 487, 62 L. Ed. 2d 410 (1979). A *Pate* claim "can and must be raised on direct appeal" because an appellate court hearing the claim "may consider only the information before the trial court before and during trial." *James*, 957 F.2d at 1572.

*Medina v. Singletary*, 59 F.3d at 1106. Hunter alleges that "the trial court was on notice of Petitioner's mental deficiencies," presumably from the competency report prepared in April, 1997, by Dr. Laurence R. Maier, a licensed psychologist and forensic examiner, after conducting a court-ordered assessment to determine Hunter's competency to stand trial and his mental state at the time of the crimes in question. *Petitioner's Traverse*, Court Document 10 at 4.

Clearly, the trial court was on notice that Hunter suffers from mental deficiencies. Dr. Maier's competency report concluded that Hunter is mildly mentally retarded and noted that he has a severe expressive speech disorder. Dr. Maier's report offered the following regarding Hunter's competency to stand trial:

> In order to help in the assessment of Mr. Hunter's ability to assume the role of a competent defendant in a court procedure, he was administered the Competency to Stand Trial Assessment Instrument (CAI) as part of this evaluation. The CAI is a semi-structured interview device designed to measure a defendant's knowledge and understanding in 13 areas related to competency to stand trial. It should be remembered that this defendant has had a fair amount of prior experience with the criminal justice system, going back at least several years into his mid-teens.
>
> Mr. Hunter is aware of his situation with the Court and he has a functional, though simplistic understanding of the nature and object of court proceedings

10

and participants. He is aware of the charge against him (i.e. that he killed with a gun) and he is knowledgeable that he could be locked up and denied freedom if found guilty. He has no idea of possible sentence length, perhaps because such has not yet been discussed. He is familiar with the roles and responsibilities of key court participants: for example a Defense Attorney is to "help me," a Prosecuting Attorney "tries to hang me . . . tries to find the truth" . . . . A Judge "gives you time (in prison or jail) if you are guilty," and he does not know the difference between guilty and not guilty. He also knows that a Jury decides guilt or not but he lacks sufficient information on his rights as a Defendant. He well knows (although again quite simplistically), the role of Witnesses in a court proceeding.

Mr. Hunter's appraisal of available legal defenses is rated as moderately impaired, as is his capacity to disclose to his attorney pertinent facts, his ability to meaningfully participate in the planning of legal strategies, and in his capacity to testify relevantly overall. Although these moderately deficient areas are fairly significant, they can be overcome and managed by court patience and attorney explanation and education. As noted earlier, his communicative skills are further handicapped by a severe expressive aphasia. He will not be an easy man to legally represent.

On the more positive side, Mr. Hunter's past experiences have taught him far more about the system than could be expected from other Retarded folks without such experience. Thus, there is a simplistic understanding of the adversarial process although I do not think he understands plea bargaining at least in all of it detail. There was no evidence from this evaluation of self-defeating motivation or that unmanageable behavior will occur. He might however show strong affect on the stand but this should not lead to aggression or anything violent.

My biggest area of concern has to do with his ability to assist his attorney in his own defense. This is not so much because he can't provide information or accurate facts, but because he communicates so poorly and could thus be easily misunderstood. Great care should be taken to understand this man if the crime surrounding circumstances are to be adequately used in his own defense.

In summary, it is my feeling that this defendant is borderline in his overall competency. Normally, someone so intellectually handicapped would probably not have sufficient understanding, but past experience in this case makes him more street-wise and court-wise than would otherwise be expected. Thus, I think with adequate representation and education, he can factually and rationally understand the charge and participate to an adequate degree with his

> attorney in his own defense. Thus, it is recommended that he be returned to face the pending charge.

*Dr. Maier's Competency Report*, Petitioner's Exhibit A, Court Document 13 at 11-12.

There is nothing to indicate that the court did not consider Dr. Maier's entire report in reaching the conclusion that Hunter was in fact competent to stand trial. Further, Hunter makes no claim that his mental state changed between the time he was evaluated and when he entered his guilty plea, or if it did, the judge had any knowledge of it. Hunter has offered nothing to establish that the trial court "ignored facts raising a 'bona fide doubt' regarding the petitioner's competency to stand trial." *James*, 957 F.2d at 1572 n. 1. Because Hunter has offered nothing to indicate that "objective facts known to the trial court were sufficient to raise a bona fide doubt" as to his competency, *Reese v. Wainwright*, 600 F.2d at 1091, he cannot prevail on a procedural competency claim. Thus, even if the claim were not procedurally barred from review in this court, the claim would be due to be denied on the merits.

Accordingly, the magistrate judge RECOMMENDS that the petition for a writ of habeas corpus be DISMISSED.

Mr. Colee is hereby APPOINTED as counsel on all issues raised in this report and recommendation, and he therefore, may file objections on any and all issues raised in this report and recommendation.

Any party may file specific written objections to this report within fourteen (14) days of the date it is filed in the office of the Clerk. Any objections filed must specifically identify the findings in the magistrate judge's recommendation to which the objections pertain.

Frivolous, conclusive, or general objections will not be considered by the District Court. Failure to file written objections to the proposed findings and recommendations of the magistrate judge's report shall bar the party from a de novo determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). A copy of the objections must be served upon all other parties to the action.

The Clerk is DIRECTED to serve a copy of this Report and Recommendation upon the petitioner.

DONE this 8th day of November, 2010.

*Robert R. Armstrong* (signature)
Robert R. Armstrong, Jr.
United States Magistrate Judge