IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA

| | |
|---|---|
| JOHN HENRY HUNTER, JR., | ) |
| | ) |
|     Petitioner, | ) |
| | ) |
| vs. | ) CASE NO.: 4:08-CV-00838-RDP-RRA |
| | ) |
| WARDEN JERRY FERRELL and the | ) |
| ATTORNEY GENERAL FOR THE STATE | ) |
| OF ALABAMA, | ) |
| | ) |
|     Respondents. | ) |

PETITIONER'S OBJECTION TO REPORT
AND RECOMMENDATIONS OF MAGISTRATE JUDGE

COMES NOW your Petitioner, John Henry Hunter, by and through his court appointed counsel in the above matter and files the following objections to the Magistrate Judge's report and recommendation issued November 8, 2010.

Hunter filed a pro se Petition for Writ of Habeas Corpus with this Court on May 13, 2008. This Court on September 17, 2008, recommended the petition be denied because it was barred by the statute of limitations. Hunter filed objections to the report and recommendation. On November 4th the District Judge adopted the Magistrate's report and recommendation and dismissed the petition.

The Eleventh Circuit Court of Appeals remanded this cause to the lower court to consider the issue of equitable tolling as it related to Hunter's 2254 Petition. At that time this Court appointed undersigned to represent the Petitioner in this matter. Undersigned

presented argument to this Court that the doctrine of equitable tolling should apply and this Court should rule on the merits of Hunter's petition.

This Court determined that for purposes of this petition, it would presume Hunter's mental incapacities sufficient to warrant equitable tolling. This Court then ruled on the merit of Hunter's petition. This Court held that Hunter's Petition is due to be denied for several reasons. First, Hunter had failed to raise at trial or on his first appeal the issue of the trial court's failure to hold a competency hearing before the guilty plea. He only raised it on his second appeal to the Court of Criminal Appeals. The Court of Criminal Appeals ruled the claim was procedurally barred because it was not raised at trial on appeal and as a result was time-barred under Rule 32.2(a)(3), (a)(5) and (c),A.R.C.P.. Since the State Court judgment rested on procedural bars that were independent and adequate under state law, then in order to prevail Hunter must show adequate cause for and actual prejudice from the default, that being the failure to appeal the competency issue in a a timely manner under Alabama Rules of Criminal Procedure.

Hunter contends that there was adequate cause shown in his Petition as to why the matter was not timely appealed. Hunter was only provided counsel at the time of his plea. He was not provided the assistance of any counsel from there forward. This Court has ample evidence before it that Hunter lacked the mental capabilities to understand and proceed in a timely manner through the appellate process. This Court has basically found that Hunter's failure to timely proceed in Federal Court can be "tolled" due to his mental incompetency. This same issue would be present and should apply to Hunter's

movement through the State court process. In all of his petitions he was not provided legal counsel nor did he receive any legal assistance in presenting the issue that the trial court should have conducted a competency hearing before his guilty plea. This Court found that because Hunter had not raised the competency issue at the trial or in his first Rule 32 Petition, then he could not raise the issue on his second appeal. The Alabama Courts have spoken on a similar issue in Glass v. State, 912 So. 2d. 285 (Ala. Cr. App. 2004). In Glass the petitioner filed an original Rule 32 Petition alleging various grounds including ineffective assistance of both trial and appellate counsel. The petition was dismissed and the dismissal affirmed on appeal. Glass filed a second petition alleging various grounds which was also denied. Glass filed a third petition alleging that he was not mentally competent to stand trial originally and as a result there should have been a competency determination. The trial court dismissed Glass' third petition and he appealed to the Court of Criminal Appeals. The Court of Criminal Appeals found that Glass' third petition raised a substantive due process claim, that is the failure to conduct a competency hearing and as a result was not subject to procedural bars. The Court held that the procedural bars of successive petitions did not apply to issues regarding a due process claim of the failure to be given a competency hearing. See also Nicks v. State, 783 So. 2d. 895 (Ala. Cr. App. 1999). Hunter contends he should be a due a hearing based upon the basic due process denials of his right to be heard in state court on the issue of his competency at the time of his plea.

      This Court in its order states that since Hunter's claims were ruled upon in state

court based upon an independent and inadequate state procedural rule then unless Hunter can show both cause for the default and actual prejudice, or demonstrate that the failure to consider the claims would result in a fundamental miscarriage of justice then his petition is due to be dismissed.  Murray v. Carrier, 477 U.S. 478 (1986).  While it is true that there are important interest served by state procedural rules at every stage of the judicial process and that harm can come when federal courts ignore these rules, there are cases where the cause for actual prejudice is shown in this matter.  The cause of such reasons for failure to present the issue properly in state court is the fact that Hunter is mental incompetent, suffers from mental retardation and as a result is unable to properly pursue his own claims in state court.  Once he was no longer provided counsel, Hunter was left to wander through the state and federal system unaided and unable to procedurally proceed through the system.   This Court cites the report of the court ordered psychologist who examined Hunter prior to his entering a guilty plea.  The report is clearly guarded in its presentation of Hunter's ability to proceed through the court procedures.  It places numerous caveats on his ability to proceed based upon someone explaining things to him very simply and having someone who can communicate properly with him.  You can not place caveats and restrictions on one's competency to proceed through a complicated court process.

Hunter contends that first he should not be required to meet the cause for and actual prejudice from the default due to the fact that his request for a hearing on his competency at trial involves basic due process rights.  Even if this Court were to apply

the cause for and actual prejudice from default standard, there is sufficient evidence meet said standard.

This Court should grant Hunter a hearing on the issue of his mental competency at the time of his plea.

Respectfully submitted,

*Donald L. Colee, Jr.*
Donald L. Colee, Jr.
Attorney for the Defendant
604 38th Street South
Birmingham, Alabama  35222
(205) 592-4332
dcolee@bham.rr.com

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the above and foregoing upon the State of Alabama by mailing a copy of the same to the Honorable Cecil G. Brendle, Jr., Assistant Attorney General, at the Office of the Attorney General 500 Dexter Avenue Montgomery, Alabama  36130-0152, this the 13th day of December, 2010.

*Donald L. Colee, Jr.*