IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
MIDDLE DIVISION

| | | |
|---|---|---|
| **JOHN HENRY HUNTER, JR.** | } | |
| | } | |
| Petitioner, | } | |
| | } | |
| v. | } | 4:08-CV-00838-RDP-RRA |
| | } | |
| **WARDEN JERRY FERRELL and** | } | |
| **THE ATTORNEY GENERAL FOR THE** | } | |
| **STATE OF ALABAMA,** | } | |
| | } | |
| Respondents. | } | |

## MEMORANDUM OPINION

This is a habeas corpus petition. The Magistrate Judge entered a Report and Recommendation recommending that Respondents' motion for summary judgment be granted and the action dismissed because Petitioner's ("Hunter") only claim, that the trial court failed to hold a competency hearing before accepting his guilty plea, is procedurally barred from review in this court. Objections have been filed by Hunter's attorney.

It is undisputed that Hunter filed this petition after the one-year limitations period expired. The Eleventh Circuit remanded this case for a determination "on the merits of Hunter's equitable tolling claim." *Hunter v. Ferrell*, 587 F.3d 1304, 1310 (11th Cir. 2009). However, in the Report and Recommendation, the Magistrate Judge determined it was unnecessary to decide whether the limitations period should be equitably tolled because Petitioner's claim is procedurally barred. That is, Hunter raised the claim in state court, the last state court to render judgment on the claim, and the state court clearly and specifically held that the claim was procedurally barred.

In support of his petition, Hunter claims that the trial court violated his due process rights by failing to hold a competency hearing before accepting his guilty plea. *Petition* at 14 ("trial court erred to hold an independent hearing to determine whether Petitioner could adequately assist his attorney in preparing a defense, which must have been done before any further proceedings could occur"); *Petitioner's Traverse*, Court Document 10 at 2 ("the trial court never held a competency hearing"). Hunter attempted to raise this claim in an amendment to his second Rule 32 petition, but the trial court denied his motion to amend. *Respondents' Exhibit C,* Court Document 6-3 at 2. On appeal from the denial of that petition, Hunter argued that the trial court erroneously denied his motion to amend. The Alabama Court of Criminal Appeals found that the claim was procedurally barred:

> The appellant also argues that the circuit court erroneously denied his motion to amend his petition. In his motion to amend, he argued that the trial court did not have jurisdiction to render judgments and impose sentences in his cases because it did not enter any orders regarding his competency or conduct a competency hearing before he entered his guilty pleas. However, this was a nonjurisdictional claim that was precluded because the appellant could have raised it at trial and on appeal, but did not, and because it was time-barred. *See* Rules 32.2(a)(3), (a)(5), and (c), Ala. R. Crim. P. Therefore, the appellant was not entitled to relief on the claim in his amended petition, and any error in the circuit court's refusal to grant him leave to amend his petition was harmless. *See* Rule 45, Ala. R. App. P.

*Report and Recommendation*, Court Document 35 at 5-6. The Magistrate Judge recommended that the petition be dismissed as procedurally barred because Hunter had "offered nothing to suggest that he had cause for failing to raise his procedural competency claim on direct appeal, or that he has been actually prejudiced by the default," and that he had "made no argument that he is 'actually innocent' of the crimes for which he was convicted." *Id*. at 9.

To be sure, Respondents raised the procedural bar defense in their Answer and have also raised the defense on remand. Resp't Answer, Ct. Doc. #6 at p.3; Resp't Br. in Opp'n to § 2254 Pet., Ct. Doc. #32 at 5-6. However, this case is not at a juncture where summary judgment would be appropriate based upon Defendants' procedural default defense. The record shows that Hunter's Rule 32 petition was prepared without the benefit of counsel. *See Hunter*, 587 F.3d at 1309 (noting

that Hunter's three state Rule 32 petitions were filed with the assistance of prison law clerks). Therefore, just as there is a fact issue about "whether a causal connection exists between [Hunter's] mental impairment and his ability to file a § 2254 petition, precluding summary judgment at this juncture," *id* at 1309-10, the court is concerned a factual issue also precludes a finding that Hunter cannot meet the cause and prejudice exception to the procedural bar rule. Indeed, in his objections, Hunter argues that cause exists to excuse his procedural default.

> Hunter contends that there was adequate cause shown in his Petition as to why the matter was not timely appealed. Hunter was only provided counsel at the time of his plea. He was not provided the assistance of any counsel from there forward. This Court has ample evidence before it that Hunter lacked the mental capabilities to understand and proceed in a timely manner through the appellate process.

*Petitioner's Objections*, Court Document 37 at 2. Hunter further argues that "[i]n all of his [Rule 32] petitions he was not provided legal counsel nor did he receive any legal assistance in presenting the issue that the trial court should have conducted a competency hearing before his guilty plea." *Id*. at 3.

The court has considered the entire file in this action, including the Report and Recommendation and Petitioner's objections to the Report and Recommendation, and has reached an independent conclusion that the Report and Recommendation is due to be rejected. An appropriate order will be entered.

**DONE** and **ORDERED** this ___7th___ day of February, 2011.

_____
**R. DAVID PROCTOR**
UNITED STATES DISTRICT JUDGE