IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
MIDDLE DIVISION

| | |
|---|---|
| **JOHN HENRY HUNTER, JR.** } | |
| } | |
| Petitioner, } | |
| } | |
| v. } | Case No.: 4:08-cv-00838-RDP-RRA |
| } | |
| **WARDEN JERRY FERRELL and** } | |
| **THE ATTORNEY GENERAL FOR THE** } | |
| **STATE OF ALABAMA,** } | |
| } | |
| Respondents. } | |

## ORDER

On March 9, 2011, the court held a pre-hearing conference wherein the court ordered that a mental evaluation be conducted on John Henry Hunter ("Petitioner" or "Hunter"). One of the issues before the court is whether there exists a causal connection between Petitioner's mental impairment on the one hand, and his failure to have filed the appropriate appeals or petitions in order to present this issue properly to the courts on the other. In other words, did he have the requisite mental ability to raise this issue on his own.

Petitioner John Henry Hunter was convicted on January 28, 1999, in the Circuit Court of Etowah County, on his plea of guilty to intentional murder, burglary in the first degree, robbery in the first degree, and two counts of robbery in the second degree. A mental evaluation had been performed for the state trial court before Hunter successfully entered his guilty pleas. Although it is uncontested that Hunter is mentally impaired, the mental evaluation report contained the conclusion that Hunter was mentally competent to stand trial.[1]  Hunter was sentenced to a total term of

---

[1] A defendant is mentally competent to stand trial if he is not presently suffering from a mental disease or defect (a) rendering him incompetent to understand the proceedings against him or (b) to assist

imprisonment for forty years. He did not appeal the convictions, which became final on March 11, 2000, when the forty-two days to file a direct appeal expired.

On November 9, 2004, Hunter filed a Rule 32 petition in the Circuit Court of Etowah County. On November 21, 2005, Hunter filed his second Rule 32 petition in the Circuit Court of Etowah County.[2] On September 6, 2006, Hunter filed his third Rule 32 petition in the Circuit Court of Etowah County. Hunter filed a petition for a writ of habeas corpus in this court on May 13, 2008. His present claim is that the trial court violated his due process rights by failing to hold a competency hearing before accepting his guilty pleas.

As discussed during the pre-hearing conference held March 9, 2011, the court **ORDERS** as follows:

    1.    Dr. Glen King **SHALL** conduct a forensic psychological examination of Petitioner John Henry Hunter, Jr., who is an Alabama State Prison inmate currently serving a sentence at Draper Prison, (AIS # 198425), **as soon as practicable**. The matter of Dr. King's fee will be addressed at a later date, if necessary.

    2.    Dr. King **SHALL** opine:

    (a)    whether Petitioner was mentally competent to stand trial at the time he entered his guilty plea on January 28, 1999; and, if possible,

---

properly in his own defense.

[2] Hunter attempted to raise his claim that the trial court violated his due process rights by failing to hold a competency hearing before accepting his guilty plea in an amendment to his second Rule 32 petition, but the trial court denied his motion to amend. *Respondents' Exhibit C,* Court Document 6-3 at 2. On appeal from the denial of that petition, Hunter argued that the trial court erroneously denied his motion to amend. The Alabama Court of Criminal Appeals found that the claim was procedurally barred because Hunter should have raised it at trial and on appeal.

   (b) whether Petitioner had the mental ability, from January 28, 1999 through May 13, 2008, to raise the claim that he should have had a mental competency hearing before the trial judge who accepted his guilty pleas.

 3. While not intending to limit the scope of the examiner's comments, the report **SHALL** to the extent possible, include the following:

   (a) Petitioner's history and present symptoms;

   (b) a description of the psychiatric, psychological, and mental tests which were employed and their results;

   (c) the findings of the examination as to Petitioner's mental competency to stand trial at the time he entered his guilty pleas; and

   (d) whether there exists a causal connection between Petitioner's mental impairment and his failure to file the appropriate appeals or petitions in order to properly present or maintain the mental competency hearing issue, from January 28, 1999 through May 13, 2008.

 4. United States Probation Officer Alton Morgado, Northern District of Alabama, **SHALL** assist Dr. King in obtaining relevant records.

 5. Following the examination, Dr. King **SHALL** file a report with the Clerk of the Court.

 6. Upon filing, the Clerk of Court **SHALL** immediately provide copies of the report to counsel of record.

 7. The Clerk of Court **SHALL** serve a copy of this Order upon counsel of record, Probation Officer Alton Morgado, and Dr. King at his mailing address of 1520 Mulberry Street, Montgomery, AL 36106, and his email address at drglendking@charter.net.

**DONE** and **ORDERED** this       28th       day of March, 2011.

_____
**R. DAVID PROCTOR**
UNITED STATES DISTRICT JUDGE